By the Court. Sandford, J.
The appellant supposes that the assistant justices courts have no jurisdiction of an action of debt on a judgment, under the code of procedure.
The jurisdiction of these courts is prescribed in sections 46 and 47, to which section 59 refers, and among other matters, they have cognizance of actions arising on contract for the recovery of money only, if the sum do not exceed one hundred dollars. We regard a judgment as being a contract of the highest character. It is a contract in law, as distinguished from contracts in fact, but we have no doubt that it constitutes a contract within the meaning of this provision of the code.
It is scarcely necessary to cite authorities on the nature of a judgment in this respect. Blackstone says, the highest kind of express contracts, are those of record, as judgments, recognizances, &c. (2 Bl. Comm. 465, and see 6 Reports, 455; 1 Powell on Cont. 423.)
We do not understand section 64 of the code as evidencing a design to prohibit actions on judgments from being brought in justices’ courts. It is express to the contrary, so far as to permit suits upon justices’ judgments in the cases specified ; which, in most instances,would of necessity be brought in justices’ courts.
The appellant’s two remaining points, we will consider to *404 gether. He insists that assistant justices’ courts, are not courts of justices of the peace, within the meaning of the exception in section 64, and no leave of the court to sue the judgment in question Was obtained; and 2d, that the suit was commenced within two years after the recovery of the judgment, without showing either of the causes for an earlier suit, which are permitted in that section.
As to the first point, were it necessary, we think we should hold that the court of an assistant justice is a court of a justice of the peace, within the meaning of this section of the code. There is another answer to both points, upon which we prefer to rest our decision.
When the code of procedure became an operatic law, the plaintiff below had a valid and perfect right of action upon his judgment secured to him by existing laws. No statute is to be construed to affect vested rights, or to operate retrospectively, unless its terms imperatively require such a construction. The code guards against such an exposition of its provisions, by enacting in section 388, that “ all rights of action given or secured by existing laws, may be prosecuted in the manner provided by this act.” That is, the right of action is unaffected by the code, but the remedy is to be obtained, by the forms of action, pleadings and proceedings thereby established. The sixty-fourth section, if applied to this judgment, would suspend the plaintiff’s right of action for two years, which is plainly contrary to the provision in section 388. We therefore think the plaintiff was entitled to maintain his suit, and there was no error in the judgment of the court below.
Judgment affirmed.