Michael McMahon, Respondent, *v.* Charles A. Macy, Appellant.

In an action by a creditor of a railroad corporation organized under the railroad act of 1850 (chap. 140, Laws of 1850), against a stockholder to enforce the liability imposed by section 10 of said act (as amended chap. 284, Laws of 1854), evidence is proper, upon the part of defendant, to show that an assignment of stock, absolute upon its face, was in fact given to him as collateral security, and was held by him for that purpose only.

In such an action, proof of a judgment against the company is neither conclusive nor *prima facie* evidence of the existence of a debt against the company. (Lott, Ch. C., and Gray, C. ; Hunt, C., dissenting.)

The authorities upon this question collated and discussed in opinion of Gray, C.*

From October 15th to November 19th, 1854, plaintiff, with his hired man and team, worked for the contractors constructing one of the sections of the S. H. & S. R. R. The contractors failing to pay, plaintiff brought an action against the railroad company and recovered judgment in March, 1857, which was affirmed by the General Term and by the Court of Appeals. Executions were issued and returned unsatisfied. In October, 1854, certain shares of the stock of the company were transferred to defendant upon the books of the company by assignments absolute upon their face, but, in reality, executed as collateral security. At the request of the owner, and without consideration, defendant transferred a portion of this stock to a third person in November, 1854, and the residue in February, 1855. This action was commenced against defendant as a holder of said stock in September, 1864. *Held*, that if plaintiff's cause of action was based upon the original claim he could not recover, as he was not a laborer for or creditor of the company, and even if the judgment against the company was conclusive as to his position as creditor, and of the existence of the debt, it must be treated either as conclusive evidence of a debt existing in 1854, or as itself a debt constituting plaintiff a creditor at and from the time of the recovery. In the first view, the action would be barred by the statute of limitations; in the second, the defendant would not be liable, as, at the time of the rendition of the judgment, he had ceased to be a stockholder.

Also *held* (Gray and Hunt, CC.), that if the judgment against the company was *prima facie* evidence of what was contained therein, it appearing that an inseparable part of the judgment was for labor and services not performed by plaintiff himself, it was not a debt for which a stockholder is liable, and plaintiff, therefore, could not recover.

(Argued May 11, 1872 ; decided September term, 1872.)

*See, also, *Miller* v. *White*, 50 N. Y., 137.

Appeal from judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought against defendant as a stockholder holding unpaid stock of the Sackett's Harbor and Saratoga Railroad Company, to recover an alleged debt against the company.

The facts appear sufficiently in the opinions.

*Charles Tracy* for the appellant. The judgment against the company does not establish a debt recoverable in this action against a stockholder. (L., 1850, § 10, 214; L., 1854, 614; *Moss* v. *McCullough,* 5 Hill, 131, 133, 135; *Belmont* v. *Coleman,* 21 N. Y., 96; *Strong* v. *Wheaton,* 38 Barb., 616, 621.) Plaintiff failed to establish any debt against the company. (L., 1850, 215, § 12; *Atcherman* v. *T. & B. R. R. Co.,* 6 Abb. [N. S.], 329, Ct. Apps., 1856, opinions by Judges T. A. Johnson and Comstock; *Cummings* v. *Oswego, etc., R. R. Co.,* 1 Lans., 66; *Gallagher* v. *Ashley,* 26 Barb., 143; *Boutwell* v. *Townsend,* 27 id., 205; *Kent* v. *N. Y. C. R. R. Co.,* 12 N. Y., 628; *Aikin* v. *Wasson,* 24 id., 482.) The referee erred in rejecting evidence that the shares were transferred to defendant as collateral security. (L. 1850, 214, § 11; *Hodges* v. *Tennessee, etc.,* 8 N. Y., 416; *Despard* v. *Walbridge,* 15 id., 374; *Sturtevant* v. *Sturtevant,* 20 id., 39; *Horn* v. *Kettletas,* 42 How. Pr. R, 152.) The order sequestrating the company's effects and appointing a receiver was a bar to plaintiff's suit. (2 R. S., 463, §§ 36, 42; 469, §§ 67, 69; *Mills* v. *Stewart,* 41 N. Y., 389; *Mann* v. *Pentz,* 3 Comst., 415; *Morgan* v. *N. Y. & A. R. R. Co.,* 10 Paige, 290; *Libby* v. *Rosekrans,* 55 Barb., 217, 239; *Walker* v. *Crain,* 17 id., 119–122; *Rankin* v. *Elliot,* 16 N. Y., 377.) Plaintiff's action is barred by the statute of limitations. (L. 1850, 214, § 10; *Corning* v. *McCullough,* 1 N. Y., 47; *Conant* v. *Van Schaick,* 24 Barb., 87; *Lindsay* v. *Hyatt,* 4 Edw., 97; L. 1854, 614.)

*John Costigan* for the respondent.    The debt against the company was established by the judgment. (L. 1850, 214, § 10; *Moss* v. *McCullough*, 5 Hill, 131; *Strong* v. *Wheaton*, 38 Barb., 616.)    Plaintiff was a creditor of the company. (*Belmont* v. *Coleman*, 21 N. Y., 98; *Moss* v. *Averill*, 10 id., 449; *Slee* v. *Bloom*, 20 J. R., 684; *Harger* v. *McCullough*, 2 Denio, 123, 124; *Hovey* v. *Ten Broeck*, 3 Robt., 316; *Gregg* v. *Forsyth*, 24 How. [U. S.], 179.)    A party who appears on the books of a corporation as a stockholder, and acts as such, is liable as a stockholder.    (*Adderly* v. *Storm*, 6 Hill, 624; *Abbott* v. *Aspinwall*, 26 Barb., 205; *Worrall* v. *Judson*, 5 id., 210.)    A creditor may have an action against a stockholder after a decree of sequestration against the company.    (*Morgan* v. *N. Y. & A. R. R. Co.*, 10 Paige, 290, 293, 294; *Bogardus* v. *Rosendale Manuf. Co.*, 7 N. Y., 147; *Fletcher* v. *Troy Savings Bank*, 14 How. Pr., 383.) The statute of limitations is not a bar to this case; it does not commence to run until the creditor is in a situation to institute his action.    (2 Pars. on Cont., 370; *Van Nort* v. *Colt*, 16 Abb., 130; *Eyre* v. *Beebe*, 28 How. Pr. R., 333; *Gates* v. *Andrews*, 37 N. Y., 657; *Hope Ins. Co.* v. *Perkins*, 38 id., 408.)

Earl, C.    During the months of October and November, 1854, Wilkins, Decker & Co. were contractors on one of the sections of the Sackett's Harbor and Saratoga railroad; and during these months the plaintiff worked for them upon the railroad in person, and with his hired man and team; and they failed to pay him for the work from the 15th day of October to the 19th day of the next month.    On the 21st day of December, 1854, the plaintiff commenced an action in the Supreme Court against the railroad company to recover the amount due him from the contractors for this work; and on the 31st day of March, 1857, he recovered a judgment against it for the sum of $248.08, damages and costs.    From this judgment it appealed to the General Term of the Supreme Court, and the judgment was affirmed, and a judgment was

entered for costs upon the appeal May 27, 1858, for $67.19. It then appealed to the Court of Appeals, and the judgment was again affirmed, and judgment for costs upon that appeal was entered December 26, 1861, for $157.69. Executions were issued upon all these judgments and returned wholly unsatisfied.

Then this action was commenced against this defendant September 4, 1864, and a recovery was had for the whole amount of these judgments, with interest and costs.

On the 11th day of August, 1854, Stanton & Wilcox transferred to the defendant one share of the capital stock of the company; and on the 20th day of October, 1854, 2,500 shares; and on the last named day H. Stanton transferred to him 3,917 shares. These transfers were all absolute in form, and were made upon the books of the company. They all stood on the books in the name of the defendant until November 3, 1854, when he transferred 3,835 shares to John Hollister, and the remainder of the shares continued in his name until March 21, 1855, when he transferred them all to E. C. Hamilton. But ten per cent had been paid upon this stock. It was transferred to defendant by Stanton, to be held as collateral security for a debt due him from Stanton, and he paid no consideration for the transfer. The defendant transferred the stock, as above stated, at the request of Stanton, receiving no consideration for the transfers. It was, as a holder of this stock, that the defendant was sought to be made liable and was held to be liable in this action.

It is supposed that the recovery was had against the railroad company under section 12, chap. 140 of the Laws of 1850, which makes every railroad company, upon certain conditions, liable for work performed by any laborer for a contractor engaged in the construction of its road.

This action against the defendant is based upon section 10 of the same act, as amended by chapter 284 of the Laws of 1854, which is as follows:

"Each stockholder of any company formed under this act shall be individually liable to the creditors of such company,

to an amount equal to the amount unpaid on the stock held by him, for all the debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company, and all the stockholders of any such company shall be jointly and severally liable for the debts due or owing to any of its laborers and servants, other than contractors, for personal services for thirty days' service performed for such company, but shall not be liable to an action therefor before an execution shall be returned unsatisfied in whole or in part against the corporation, and the amount due on such executions shall be the amount recoverable, with costs, against such stockholders; before such laborer or servant shall charge such stockholder for such thirty days' service he shall give him notice in writing, within twenty days after the performance of such services, that he intends so to hold him liable, and shall commence such action therefor within thirty days after the return of such execution unsatisfied as above mentioned; and every such stockholder, against whom any such recovery by such laborer or servant shall have been had, shall have a right to recover the same of the other stockholders in said corporation in ratable proportion to the amount of the stock they shall respectively hold with himself."

If the plaintiff stood here without any judgment against the company, relying solely upon his original claim for work done for the contractor, it would not be claimed that he could succeed in this action. He was not a laborer for the company, and hence could not recover against the defendant under the second clause of the tenth section. He was not a creditor of the company, but of the contractor, and hence it is not certain that he could recover under the first clause of the section. And, in any event, his cause of action would be barred by the statute of limitations. Hence, if this recovery is to be upheld, it must be by reason of some effect to be given to the judgments against the company. What effect should be given to them in such an action as this is not entirely certain, as there is

much conflict in the decisions upon the subject. I will, however, assume, as claimed by the counsel for the plaintiff, that the judgments are conclusive upon the defendant.

Under section 10, the plaintiff was not required to sue the company, as a condition precedent, before he could, as a creditor, enforce his debt against the defendant as a stockholder. Such a condition is required only in the case of a suit against a stockholder under the second clause of the section for a recovery of a debt due to a laborer or servant of the company. This view of the section is justified by the whole frame-work of the section, and is demonstrated by its grammatical construction. Hence, if we assume that the judgments are conclusive as evidence, that the debt was, as alleged in the complaint, contracted in 1854, and that the defendant cannot dispute it, and that this action is brought to recover the debt thus conclusively established, yet the plaintiff must fail, as the debt, under this view of the case, was barred by the statute of limitations. The cause of action, under this view, accrued in 1854, and the defendant could have been sued at once. But if we assume that the judgments are not merely conclusive evidence of a debt of the company contracted in 1854, but that they are themselves debts constituting the plaintiff, at their dates, a creditor of the company, and that this action is founded upon such judgments for the recovery of them, as debts against the company, of the defendant as a stockholder, yet there is an insuperable difficulty in the way of a legal recovery in this case. Upon this assumption the plaintiff became a creditor of the company at the time his first judgment was recovered, which was on the 31st day of March, 1857, more than two years after the defendant had parted with his unpaid stock, and had ceased to be liable as a stockholder.

We must treat the first judgment recovered either as conclusive evidence of a debt existing and due the plaintiff from the company in November, 1854, or as itself a debt constituting the plaintiff a creditor of the company at and from its recovery. It cannot be treated in any other way, nor receive

any other effect, and hence, for the reasons stated, it cannot form any basis for upholding the recovery in this action.

We might stop here, and there would be ample reason for reversing the judgment below; but there is still a further reason for doing so. It was shown upon the trial that the stock was transferred to the defendant, as collateral security for a debt due him from Stanton, and that it was held by him for that purpose only. The referee refused to give any effect to this evidence, holding that parol evidence could not be received to contradict or vary the written assignments or transfers, which were absolute in form. In this he erred. It is always competent to show that an assignment or conveyance, absolute in form, was only intended as a security. (*Hodges* v. *Tennessee Marine and Fire Ins. Co.*, 8 N. Y., 416; *Despard* v. *Walbridge*, 15 N. Y., 374; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39.) There is nothing in any statute which makes the books of the company the incontrovertible evidence of ownership of stock. A person may be the absolute, legal and equitable owner of stock without any transfer appearing upon the books. (*McNeil* v. *Tenth Nat. Bank*, 46 N. Y., 325.)

Section 11 of the general railroad act of 1850 provides that no person holding stock in any railroad company, as collateral security, shall be personally liable as stockholder, but the person pledging the stock shall have the liability as stockholder. Under this law the evidence that the stock in question was assigned to the defendant as collateral security should have been received and considered, and should have secured to the defendant exemption from liability on account of the stock.

I therefore reach the conclusion that the judgment should be reversed and a new trial granted, costs to abide event.

Gray, C. Following the plaintiff's allegation in his complaint, that the defendant was a stockholder in the Sackett's Harbor and Saratoga Railroad Company, and that a certain amount remained unpaid upon his stock, is the allegation

that on the 31st of March, 1857, he recovered judgment against that company for the sum of $248.08, damages and costs, "for a debt contracted by them." It does not appear from the skeleton statement of the judgment given in evidence or otherwise, except from the report of the referee, for what cause of action the judgment was recovered. From that, it appears that the recovery, instead of being for a debt contracted by the company, was for work, labor and services performed by the plaintiff himself " and his hired man and team," for certain contractors engaged in constructing for the company a section of their road. The only question I propose to discuss arises upon the defendant's exceptions to the rulings of the referee, which were, in substance, that the judgment, as stated in his report, warranted a recovery by the plaintiff against the defendant in this action as well for the labor performed by the plaintiff's man and team as for the labor and services performed by the plaintiff in person.

Whether a judgment against a company is in a separate action against a stockholder for the recovery of the same debt, evidence of the debt sued upon, presents a question which has been much litigated in this State, and yet never decided in any of its courts of last resort. As early as 1822, Spencer, Ch. J., as a member of the Court for the Correction of Errors, without alluding to the fact that the liability of stockholders, when sued separately, was remote and dependent upon the contingency of the ability of the creditor to collect his debt by execution against the company, or the relation of the stockholder, when thus sued, to the company, held that as the debt against the company was also a debt against the stockholder individually, and because the company itself was concluded by the judgment, the stockholder when sued alone was equally concluded. (*Slee* v. *Bloom*, 20 Johnson, 669, 684.) This opinion was afterward referred to with apparent approbation in *Moss* v. *Oakley* (2 Hill, 265, 267), the decision of the question not being regarded as necessary to the decision of the cases to which I have referred, but simply as the individual expression of a single judge in each case, was again presented in *Moss* v.

*McCullough* (5 Hill, 131), in which, after a full review of all the cases, and a discussion of the principle involved by Justices Cowen and Bronson, the court held, Nelson, J., concurring, that a judgment against the company was not, as against a stockholder when sued separately for the same debt, even *prima facie* evidence of the debt sued upon. The case went back and was retried, and upon the same facts appearing, the plaintiff was nonsuited. Then, after the change wrought in our judicial system by the Constitution of 1846, the same case was brought before the General Term of the fourth judicial district, where a motion for a new trial prevailed, the court holding, among other things, that the judgment against the company was, in a separate action against stockholders, *prima facie* evidence of the debt sued upon. (7 Barb., 279, 296.) Whether a new trial was had, or what was the ultimate disposition of the case, does not appear from the reports. The question continuing to be unsettled, came up in the Court of Appeals in March, 1860. (*Belmont* v. *Coleman*, 21 N. Y., 96.) So far as appears from the report of that case, seven only of the eight judges, of which it was then composed, were present. Other questions were involved. Bacon, J., who delivered the opinion of the court, held that the judgment against the company, was in a suit against a stockholder for the same debt, *prima facie* evidence of the debt; in this view two of his associates concurred, and four "refused to commit themselves to the doctrine that a judgment against the corporation was even *prima facie* evidence against a stockholder" (id., 102), and the case was disposed of upon other grounds. In July, 1861, the question was again presented to the Supreme Court, of which Justice Bacon was at the time the presiding justice, and it was then, by the unanimous judgment of the court, held that a judgment against the company was not even *prima facie* evidence in a suit against a stockholder for the recovery of the same debt. (*Strong* v. *Wheaton*, 38 Barb., 616, 621.) If, therefore, the defendant is not sustained by the weight of authority, he is certainly not so prejudiced by

adjudged cases as to prevent the question presented from being considered as if it was now presented for the first time. In cases where, as the plaintiff in this case assumes it to be indispensable to his right to recover against a stockholder that he should first recover judgment against the company for the same debt, after establishing the organization of the company, and that the defendant is a stockholder, three other things must be established by him, viz.: the existence of the debt, the recovery of the judgment and the issuing and return of execution unsatisfied. The failure of either would defeat the action. Neither of these facts are by statute made evidence of the existence of either of the other facts. · In order, therefore, to determine whether, at common law, the judgment against the company was evidence as against the defendant, a stockholder, in this separate action against him for the same debt, it becomes necessary to ascertain the relation which the stockholder, when thus separately sued, bears to the company. The right of the plaintiff and the liability of the defendant when separately sued is, in brief, this: if his debt against the company could have been collected by execution upon his judgment the defendants are not liable; but if it could not, they are. To get more clearly at the relation between the company and its stockholders, let us carry out a case suggested by Cowen, J., in *Moss* v. *McCullough*, and suppose the statute to be silent on the subject of the individual liability of the stockholders, and, instead of a liability thus created, it had been created by contract, commencing with a recital, "That, whereas, the defendant is a stockholder in the company and desirous of giving it credit; and in consideration thereof, and that the plaintiff will render services and furnish materials for the use of the company, he agreed that, in case of the failure of the plaintiff to collect of the company the sum for which he should give it credit by judgment and execution, he would, in that event, pay the debt or any deficiency that should remain, after the return of execution, to the amount of the stock held by him in the company," it would amount to the same thing. The fact

that one liability is created by statute, and the other by contract, is quite immaterial; both being subject to the same rules of interpretation, leave the parties bearing the same relation to each other they would if both had been created by contract; and that relation is manifestly that of a mere guarantor that the debt is collectible of the company. Holding that relation, the judgment against the company was not even *prima facie* evidence in this separate suit against the defendant. (*Jackson* v. *Griswold*, 4 Hill, 522, 529, 530.) The only purpose for which the judgment could be used as evidence would be after the existence of the debt had been established to prove that it had been prosecuted to judgment againt the company as one step requisite to establish the defendant's liability. If the judgment is even *prima facie* evidence, not having been made so by statute, I am unable to understand why it is not, like a judgment in any other case, conclusive. But assume it to be *prima facie* evidence of what it contains, leaving the defendant to show that the plaintiff was not, in law, entitled to such recovery, and the judgment itself, as stated in the report of the referee, being for an inseparable part of its amount for labor and services, not performed by the plaintiff himself, furnished, as the Court of Appeals have held (*Atchison* v. *Troy and Boston R. R. Co.*, 5 Abbott, Sp. T. Rep., 329), a valid objection to the recovery, had the defendant had his day in court to make it, and hence the judgment should be reversed.

All concur with Earl, C.

Lott, Ch. C., also concurs with Gray, C., in holding that the judgment against the company is no evidence whatever of indebtedness against the stockholders.

Judge Hunt concurred in that portion of Gray, C.'s opinion which holds that the record shows that the judgment was recovered against the corporation, for causes of action for which stockholders are not liable; and that the judgment

should be reversed for that reason. He also held that the judgment against the corporation was *prima facie* evidence against the stockholder.

All concur for reversal.

Judgment reversed.