Van Vorst, J.
This is an action brought against the defendants, as trustees of the Manhattan dove Company, a corporation formed under the act of February 17, 1848, and the amendments thereof. The defendant’s liability arises from the company’s neglect to make and file, within twenty days of January 1, 1878, the annual report required by section 12 of the act. By such failure, the trustees of the corporation are made jointly and severally liable for all “the debts of the company then existing,"*and for all that shall be contracted before such report shall be made.
The plaintiff’s claim, for which it is sought to charge the defendant, is founded upon a judgment recovered against the corporation, for the sum of $1,036.32, upon which there has been paid the smn of $180, leaving still due $856.32.
The defendant Armstrong demurs to the complaint, alleging, as grounds of demurrer, that the same does not state facts.sufficient to constitute a cause of action. The complaint is defective, as is urged, in not setting up the original indebtedness, upon which the judgment was based. In support of this view reference is made to Miller v. White (50 N. Y. 137). But an examination of that case shows that it does not dispose of the question here distinctly raised. In Miller y. White, at the time the cause of action arose, through the *387 omission to file a report, the judgment against the corporation was not in existence ; it was' not, in fact, recovered until eighteen months thereafter, and there was no evidence of any default in making reports after the recovery of the judgment.
The liability to which the defendant was therefore exposed in that case, when the default in making the report occurred, was an open contract debt, existing against the corporation. /
The existence of such indebtedness was sought to ■be established, on the trial, by the record of a judgment afterwards recovered. In the court below, upon the trial, such record was held to be conclusive evidence of such indebtedness. The court of appeals, however, reversed the judgment, and held that it was neither conclusive nor even prima facie evidence of the fact of indebtedness at the time the default arose.
Peckham, J., says: “The right of action in this case arose, if ever, at the expiration of the twenty days from January 1, 1865. At that time the judgment had no existence. It was not recovered until June, 1866. It is true that the plaintiff avers defaults in the company in making said reports for the years 1866, 1867 and 1868, but no evidence" was given of any default, except in January, 1865.”
In the case we are now considering, when the default arose in January, 1878, the plaintiffs’ original claim was merged in their judgment against the corporation, which was the only debt -they had against it. Had it at that time existed in open account, which was subsequently put in judgment, the case would be like Miller y. White. This being a penal statute, is strictly construed, and when the trustees are declared to be personally liable for the debts “then existing,” the quality of the debt, as it then stood, including its consideration, is a substantial matter, and an after ac *388 quired judgment against the corporation may properly be held not conclusively to establish it.
It is quite true that it has been held in some cases that the original claim is not merged in a judgment against the corporation. Such conclusion has been reached in cases where the creditor, after a default by the company to make and file the annual report, has prosecuted the corporation or taken its notes for the original demand.
- In such cases it has been held that the original claim, to which the trustee was exposed when the default occurred, was not so merged in the judgment or notes, as that the creditor could not enforce his claim against the trustee for its amount. It was so held in Deming v. Puleston (3 J. & S. 309; S. C., 55 N. Y. 655). In such cases the creditor’s claim against the trustee is limited by the character of the debt when the default arose.
Here the only claim to which the trustee was exposed, was the judgment against the corporation. It is, however, urged that the judgment may have been collusively obtained; but there can be no presumption that it was. Until it is in -some way questioned, it is to be taken as a valid debt. If any action shall be taken against the corporation it must be on the judgment; as the evidence of its indebtedness.
If there was any fraud in the recovery of this judgment, which has been standing since the year 1875, and upon which a payment has been made, the defendant, who has been a trustee during the whole period, would be likely to know something in respect to it, and if there was relief against it, it was clearly his duty to have had it vacated or opened.
And if, for any reason, the judgment is not an existing debt against the corporation, or if it was fraudulently obtained, the matter should be set up by way of answer to this complaint. That such inquiry could be *389 had in this action, Miller v. White, 50 N. Y. 140, clearly enough shows.*
The learned judge who delivered the opinion of the court of appeals in the case last cited, says: “The question involved in this case is not free from doubt or difficulty.” Such doubt and difficulty-arose with respect to the effect to be given to a judgment recovered against the corporation, subsequently to the happening of the defaults, through which the plaintiff’s cause of action arose, upon which he exclusively rested his case. But I should conclude that that case does not, and was not intended to decide, that a judgment, which was in existence as a debt of the corporation at the time the • default of which complaint is made happened, and had been so standing, for all that appears, . unchallenged for several years, is not a debt within the meaning of the statute, for which the trustee in default is responsible.
It may be that a judgment does not possess all the attributes of what is commonly understood to be a contract. In one view ic is a new debt, and in another it is the highest expression and evidence of a previously existing obligation or duty. But every presumption is in favor of its justice and its validity. In the statutes of New York it is styled a debt, and is classed among obligations of a deceased person, to be paid as such.
Blackstone calls it a “ debt of record,” and says of it, that when “any specific sum of money is adjudged to be due from the defendant to the plaintiff in an action, this is a contract of the highest nature, being established by the sentence of a court of justice” (2 Black. Comm. 465).
Broom, in his Commentaries on the Common Law, *390 page 262, in his classification of contracts, places in the. first rank “contracts of record, such as judgments.”
In Morse v. Toppon (3 Gray [Mass.] 411), it is said: “ A judgment is in the nature of a contract. It, is a specialty and creates a debt, and to have that, effect it must be taken against one capable of contracting.”
An action upon a judgment is defined to be one arising upon contract (McGuire v. Gallagher, 2 Sandf. 402; Mahoney v. Penman, 4 Duer, 603, and note at end of that case; Taylor v. Root, 4 Abb. Ct. App. Dec.).
The question is not, Was this judgment a “debt of record” against this defendant % but Was it a debt against the corporation when the default occurred ? I am not prepared to decide that this judgment was not a debt existing against the corporation when the default happened, and must hold the plaintiff’s complaint to be free from the objection which the demurrer interposes.
There should be judgment for the plaintiff on the demurrer, with liberty to the defendant to answer on payment of costs.

 For w,hat .are existing debts, see Carley v. Hodges, 19 Hun, 187.

 See also McMahon v. Macy, 51 N. Y. 155; Hastings v. Drew, 76 Id. 9.