BRADY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

JUDGMENT—SATISFACTION—RIGHT TO INTEREST.
Interest cannot be recovered on a judgment which has been satisfied on payment of its face value.

Appeal from special term, New York county.

Action by James A. Brady against the mayor, aldermen, and commonalty of the city of New York. There was a judgment in favor of plaintiff, and defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Francis M. Scott and James T. Malone, for appellant.

Sol. Kohn, for respondent.

WILLIAMS, J. The action was brought to recover two items,— one $250, and the other $1,300,—upon the following facts: January 10, 1890, one Bernard Brady recovered a judgment against the city in the superior court of New York City for $44,163.26. This judgment was subsequently affirmed by the general term (9 N. Y. Supp. 893) and by the court of appeals (30 N. E. 757). February 11, 1892, the judgment was assigned to this plaintiff. July 15, 1892, this plaintiff assigned the judgment to one Graham Polly. While Polly held the title to the judgment, he, by his attorneys, called upon the comptroller, and requested that the judgment, with interest, be paid. Another party had the assignment of an in-

terest in the judgment of $1,000 and interest, and the comptroller feared there would be litigation as to this $1,000 interest. It was agreed he should retain in his hands the amount of this claim and $250 to indemnify the city against any costs with reference to the claim. This claim was, however, paid without litigation, and the $250, therefore, could not be held by the comptroller, when this suit was begun, and for this amount the plaintiff was concededly entitled to a judgment. The real controversy at the trial was over the question of interest upon the old judgment, from the time it was recovered, amounting to $1,300. The comptroller was willing to pay the face of the judgment, but refused to pay the interest thereon. Considerable negotiation was had between the parties, but the comptroller remained firm in his refusal to pay the interest. Some suggestion is made as to the authority of Polly to waive or give up the interest, it being claimed he was merely a trustee for the collection of the money, and had no authority to waive or give up the interest. The assignment to Polly was, however, absolute in form, and the evidence was that a Mr. Smith, who did the business with the comptroller, had authority, not only from Polly, but from his assignor, Brady, to do what he did in the premises. It was finally agreed between the parties and the comptroller that the amount of the judgment should be paid, less the interest, in full satisfaction of the judgment, and thereupon payment was made, less the amounts agreed to be retained on account of the $1,000 claim, and Polly executed, acknowledged, and delivered to the comptroller, under seal, a satisfaction of the whole judgment. The agreement was made, the money paid, and the satisfaction given on the 1st of September, 1892. A little more than two years thereafter, and on October 1, 1894, this plaintiff took from Polly a reassignment of the judgment, so satisfied, and any moneys remaining unpaid thereon, and a year later, in September, 1895, brought this action, praying that the satisfaction of the judgment be canceled, and he allowed to recover the two items hereinbefore referred to. The court, upon these facts, ordered judgment in favor of plaintiff for the two items sued for, with interest and costs.

We think the judgment, so far as the item of $1,300 interest is concerned, was erroneously ordered. The case of Cutler v. Mayor, etc., 92 N. Y. 166, and the cases therein cited, are conclusive against the plaintiff's right to recover the interest upon the judgment, after the face of the judgment had been paid and accepted in full settlement, and the judgment had been fully satisfied. It was held in that case that:

"Where one entitled to an award for damages by reason of the widening of Broadway in the city of New York, made in proceedings under chapter 890, Laws 1869, accepted the sum awarded, and gave a receipt acknowledging payment in full of its amount, the right to interest was thereby waived, and an action to recover the same could not thereafter be maintained against the city; and this although the claimant demanded payment of interest at the time, and protested against the refusal of the comptroller to pay the same. Interest in such case is given as damages for nonpayment or detention of the money awarded (section 183, c. 86, Laws 1813), and is only to be recovered with the principal by action."

it does not constitute a debt capable of a distinct claim. Acceptance, therefore, without action, of the sum awarded, in full payment of the principal, bars an action for such damages,"—citing Tillotson v. Preston, 3 Johns. 229; Johnson v. Brannan, 5 Johns. 268; People v. New York Co., 5 Cow. 331; Hamilton v. Van Rensselaer, 43 N. Y. 244. And we may add the case of Tenth Nat. Bank of City of New York v. Mayor, etc., of City of New York, 4 Hun, 429, affirmed 80 N. Y. 660.

In all these cases there was a debt, and the interest was recoverable, when sued for with the principal, as damages for the nonpayment of the debt when due. A judgment is in law a debt, and the interest thereon is recoverable as damages for the nonpayment of the judgment debt; and where the amount of the judgment is accepted, the interest thereon being waived, and the judgment satisfied, all right thereafter to recover the interest is gone. By the provision of Code Civ. Proc. § 1211, the judgment bears interest from the time it is entered, precisely as a debt bears interest from the time it is due. The interest, unless payable by the express terms of a contract to pay interest, is recoverable, not by virtue of the contract, but in the nature of damages for nonpayment of the debt; and a judgment stands in the same position, in this respect, as a debt where there is no contract to pay interest. It is doubtful if a judgment can properly be called or said to be a contract between the parties at all (Wyman v. Mitchell, 1 Cow. 321); but, even if it can be said to be a contract (McGuire v. Gallagher, 2 Sandf. 404), such contract is merely to pay the amount of the judgment, and cannot be extended so far as to include an agreement to pay interest as a part of the contract itself. The interest is allowed, as in the case of a debt, in the nature of damages for the nonpayment of the judgment when due, to wit, when entered. Sanders v. Railway Co., 94 N. Y. 641; O'Brien v. Young, 95 N. Y. 428; Donnelly v. City of Brooklyn, 121 N. Y. 19, 24 N. E. 17. In all these cases it was held that interest was recoverable upon judgments, not by virtue of any contract to pay interest, but simply in the nature of damages for default in the payment of the judgment. The distinction between the case of Cutler v. Mayor, etc., above, and Devlin v. City of New York, 131 N. Y. 123, 30 N. E. 45, is clearly shown by the opinion in the latter case. There is no conflict between the two cases. There is nothing in the point that the plaintiff did not voluntarily consent to the retaining of the interest by the comptroller. No coercion was shown, in fact; and this case, in this respect, cannot be distinguished from the case of Cutler v. Mayor, etc., above.

Our conclusion is that the judgment should be modified by reducing the judgment to $412.64, and, as modified, affirmed, without costs to either party of this appeal. All concur.