(35 Misc. Rep. 446.)

COUGHLIN v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. July, 1901.)

MUNICIPAL CONTRACTS—BOARD OF ESTIMATE—FINDING—INTEREST.

> Laws 1900, c. 678, authorized the board of estimate of New York City to pass on a claim of plaintiff for contract work which he had performed, and directed the comptroller to pay the sum certified to as the reasonable value of the work, with interest thereon. The board certified a certain sum as the value of the work. *Held*, that plaintiff was entitled to interest on such sum from the time of the performance of the work.

Action by Ellen Coughlin, as administratrix of Michael Coughlin, deceased, against the city of New York. Judgment for plaintiff.

Geo. W. Stephens, for plaintiff.

John Whalen, Corp. Counsel, and Charles Blandy, Asst. Corp. Counsel, for defendant.

McADAM, J. Between June 22, 1888, and December 22, 1889, the plaintiff's intestate, under a contract between him and Long Island City, cleaned the streets and sewers of, and removed the ashes and garbage from, the First ward of Long Island City. The amount due the contractor for the said services ($3,862.50) was audited and allowed by the common council of that municipality, but no payment was made for said services. In 1900 the legislature passed an act (Laws 1900, c. 678) providing for the payment of the said claim. The statute authorized the board of estimate and apportionment of the city of New York, in its discretion, to inquire into the facts relative to the justness of the contractor's claim, as a matter of fact, against the city of New York for the performance of the aforesaid services, and if it should appear to said board that the services were actually performed, and were actually ordered, directed, or contracted for by the common council of Long Island

City, acting in its official capacity, and "that the fair and reasonable value of the work was" the sum of $3,862.50, directed the said board to so certify the said sum in writing, which sum, or any lesser sum which the said board might determine and certify in writing that the work "was reasonably worth," the comptroller was authorized and directed to pay to plaintiff, "together with interest on the aggregate sum so certified." The statute further provided that the amount paid should be charged to and made out of any unexpended balance of any appropriation made to any of the departments or funds of Long Island City for 1888 and 1889, and, if there should be no such unexpended balance, an action might be brought against the defendant for the amount certified by the board of estimate and apportionment, and that in said action judgment for the amount awarded by said board, with interest, should be entered, without costs. In April, 1901, the board of estimate and apportionment, pursuant to the provisions of the statute referred to, certified that the fair and reasonable value of the services performed by the contractor "is" $3,862.50. The foregoing facts are properly pleaded in the complaint, which demands judgment for $3,862.50, "with interest thereon from the average date, March 22, 1889," and costs. The defendant, by its answer, admits all the facts, and as a defense alleges that it is not liable for interest, except from April 15, 1901, on which date the certificate of the board of estimate was filed in the office of the comptroller, and that under the terms of the statute it is not liable for costs. And the defendant offers to allow the plaintiff to take judgment for the amount certified by the board of estimate and apportionment, $3,862.50, with interest from April 15, 1901, without costs. The plaintiff demurs to the answer on the ground that it is insufficient in law, upon the face thereof.

The question, therefore, is from what date the plaintiff is entitled to interest on the sum certified by the board of estimate and apportionment, and the answer depends upon the intent of the legislature as manifested in the statute referred to. From a careful reading of the statute, it would seem that the legislature intended that, in the event of the board of estimate and apportionment certifying for the payment of any sum for services performed by the contractor, such sum should represent what the fair and reasonable value of said services was at the time they were performed, and that the comptroller should pay the same, "together with interest on the aggregate sum so certified." The statute uses the word "was" in connection with the value of the services, and the fact that the board certifies that such value "is" $3,862.50 is scarcely sufficient to show that the board disregarded the legislative mandate, and certified a sum which was the reasonable value of the contractor's services when the said board acted in the matter, instead of the value of such services at the time they were performed. It must be assumed that the board complied with the directions of the statute, and certified what the services were worth at the time of their performance. It cannot be that the board allowed interest on the demand; for, by the legislative enactment, it had nothing whatever to do with the subject of interest. The board was merely

to determine the reasonable value of the work, and the comptroller was directed to pay the amount certified by the board, "together with interest on the aggregate sum so certified." Interest from when? Surely not from the time the certificate was filed with the comptroller, as claimed by the defendant, for several reasons. The act recognizes the fact that the work was all performed prior to December 22, 1889, and the comptroller was to pay the reasonable value thereof, when certified, together with interest. If the comptroller had paid at once, as he was directed to do, there would be no period of time for which interest could be computed. If the comptroller delayed the payment, the law, without any special statute, would have allowed interest from and after the time the certificate was filed, by way of damages for the detention of the money. Brady v. Mayor, etc., 14 App. Div. 152, 43 N. Y. Supp. 452; Donnelly v. City of Brooklyn, 121 N. Y., at pages 19, 20, 24 N. E. 17; De Lavallette v. Wendt, 75 N. Y. 579, 31 Am. Rep. 494; Wilson v. City of Troy, 135 N. Y. 96, 104, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817; 16 Am. & Eng. Enc. Law (2d Ed.) 1097. It is plain, therefore, that to sustain the defendant's contention would render the mandate of the legislature as to interest meaningless, and it is a familiar rule of construction that that interpretation which gives significance to all the words of a statute or an instrument shall be preferred to one which leaves the words which were used inoperative. City of Rochester v. Coe, 25 App. Div., at page 307, 49 N. Y. Supp. 502; Fifth Ave. Bank v. Colgate, 120 N. Y. 381, 394, 24 N. E. 799, 8 L. R. A. 712; Potter, Dwar. St. 188, note. The plaintiff's intestate had performed valuable work for the municipality, and the legislature intended that his legal representatives should be paid therefor,—not only the reasonable value thereof, but the interest thereon in addition thereto. This is apparent throughout the enactment, and effect must be given to the legislative command. Sedg. St. & Const. Law (2d Ed.) Pom. Notes, p. 194.

It follows that the demurrer to the defendant's answer must be sustained, but instead of calculating interest from an average date, as the plaintiff has assumed to do, it must be computed from December 22, 1889, when the contractor's services, as certified by the board of estimate and apportionment, amounted to $3,862.50.