[No. 8621.  Department One.  June 22, 1910.]

WALTER L. JOHNSTONE, *as Receiver of H. N. Nelson Company, Appellant,* v. GEORGE E. BLACK, *Respondent.*[1]

CORPORATIONS—STOCKHOLDERS—PLEDGES—STOCK HELD AS COL- LATERAL SECURITY—LIABILITY FOR UNPAID SUBSCRIPTIONS.  The pledgee of corporate stock, holding the same as collateral security for a loan made by him to the corporation, the stock being repre- sented to him as issued to another and fully paid for, is not liable upon the statutory liability of stockholders to creditors for unpaid subscriptions, although the stock was re-issued in his name and stands on the books as his absolute property, in view of Rem. & Bal. Code, § 3700, providing that pledgees and persons holding stock as collateral security shall not be liable to creditors as stockholders, but that the pledgor only shall be liable.

Appeal from a judgment of the superior court for King county, Kauffman, J., entered July 24, 1909, upon findings in favor of the defendant, in an action to enforce liability for an unpaid subscription to the capital stock of a corporation, after a trial on the merits before the court without a jury. Affirmed.

*Walter L. Johnstone* and *H. A. P. Myers,* for appellant.

*King Dykeman* and *Stephen V. Carey,* for respondent.

MORRIS, J.—Action to recover upon the statutory liability for unpaid subscription to the capital stock of the H. N. Nelson Company.  The court below found that respondent

[1]Reported in 109 Pac. 367.

was the owner of one share of the stock of the insolvent company, and gave judgment against him in the sum of eight dollars. It was also found that Black held four hundred and ninety-nine shares as collateral security for a loan of $1,000 to the company, and as to such stock he was discharged from liability, and the receiver appeals.

The first contention of appellant is that respondent is the owner of five hundred shares of the capital stock of H. N. Nelson Company, and not a pledgee. This is a question of fact to be determined from the evidence, and after a careful reading of the record, we reach the same conclusion as did the court below: That on December 14, 1906, the company requested of respondent a loan in the sum of $1,000, to be repaid with interest at eight per cent as soon as the company was in a financial condition to do so, and that as security for the repayment of this loan, the company delivered to respondent five hundred shares of its capital stock in two certificates, one for four hundred and ninety-nine shares and the other for one share. At the time of this delivery H. N. Nelson, the president of the company, represented to respondent that this stock was fully paid for, it having previously been issued to one Hausman, and by him assigned in blank. The theory upon which the court below found against respondent as to the one share was this: Hausman, who had been acting as a trustee of the company, resigned, and the president requested respondent to act as trustee in his place. Respondent consented and, at the request of the president, surrendered his certificates of stock, and there was issued to him in lieu thereof two other certificates, one for four hundred and ninety-nine shares and the other for one share; that it was the understanding at that time that only the four hundred and ninety-nine shares should be held as collateral security, while the one share should be held as owner, so that respondent might under the law act as trustee of the company. No cross-appeal having been taken, that feature of the court's decree

is final, and nothing more need be said as to it. It being, then, determined as a question of fact that respondent held the four hundred and ninety-nine shares only as collateral security, the next question is, what liability, if any, attached to him.

Appellant contends that, assuming Black held the stock only as pledgee, yet as he appeared upon the books of the corporation as the absolute owner of the stock, he is liable to creditors as a stockholder, and in support of this contention many cases are cited. It would appear from an examination of these authorities that, where the relation is not controlled by statute, it is well established that the rule is as contended for by appellant. But it is as clearly established that, when the liability is fixed and determined by statute, a different situation arises. We have such a statute here. Rem. & Bal. Code, § 3700, provides:

"No person holding stock as executor, administrator, guardian, or trustee, or holding it as collateral security or in pledge, shall be personally subject to any liability as a stockholder of the company, but the person pledging the stock shall be considered as holding the same, and shall be liable as a stockholder, and the estate and funds in the hands of the executor, administrator or guardian or trustee shall be liable in like manner and to the same extent as the testator or intestate, or the ward or person interested in the trust fund would have been if he or she had been living and competent to act and hold stock in his or her name."

It seems clear from a reading of this statute that the only liability upon stock in the hands of a pledgee as collateral security is against the pledgor. Statutes of like import may be found in a number of the states, and so far as we have been able to discover, the only enforceable liability has been that against the pledgor. *Union Sav. Ass'n v. Seligman*, 92 Mo. 635, 15 S. W. 630, 1 Am. St. 776; *Matthews v. Albert*, 24 Md. 527; *McMahon v. Macy*, 51 N. Y. 155; *Henkle v. Salem Mfg. Co.*, 39 Ohio St. 547; *Baker v. Old Nat. Bank*, 86 Fed. 1006.

A like rule has been announced by the supreme court of the United States in construing the Missouri statute (*Burgess v. Seligman,* 107 U. S. 20) wherein it is said:

"The reason of this law is derived from the gross injustice of making a person liable as the owner of stock when he only holds it in trust or by way of security, and from the inexpediency of putting a clog upon this species of property, which will have the effect of making it unavailable to the owner, or of deterring prudent and responsible men from accepting positions of trust where any such property is concerned. It seems to us that not only the law, but the reason upon which it is founded, applies to the holders of stock as collateral security, whether received from an individual or from the corporation itself."

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.