CHRISTIAN GUTEKUNST, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

DANIEL LANAHAN, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, June 30, 1919.

**Highways — liability of State for negligence of employees engaged in repairing highway — evidence insufficient to establish maintenance of highway by patrol system — rule of respondeat superior not applicable.**

In an action to recover for personal injuries upon the theory that the employees of the State were negligent in failing to guard a dangerous drainage or ditch across a highway which was being repaired, evidence *held* insufficient to establish that said highway was being maintained by the patrol system within the meaning of section 176 of the Highway Law so as to render the State liable.

The mere fact that a night watchman was in attendance is insufficient to establish said fact.

The State is not liable for the negligence of its officials unless a statute imposes such liability. The rule of *respondeat superior* does not apply and the negligence is deemed the personal negligence of the official or servant who is charged with the performance of a duty and not that of the State.

APPEAL by the defendant in each case, The State of New York, from an order and determination of the Court of Claims in favor of the claimants in each proceeding, entered in the office of the clerk of said court on the 9th day of May, 1918, awarding in the first case the sum of $650 and in the second case the sum of $200.

*Charles D. Newton, Attorney-General [Jerome L. Cheney, Deputy Attorney-General,* of counsel], for the appellant.

*Austin & Abruzzo [Anthony J. Ernest* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The recovery rests upon a finding that the employees of the State were negligent in failing to guard a dangerous drain or ditch across the highway. The State was repairing the

State highway, and while barricades and detour notices were in position the day before and the day after the accident, the evidence sustains a finding that they were not in place on the day of the accident and that the injury resulted therefrom.

Section 176 of the Highway Law provides that the State shall not be liable on account of defects in a State or county highway except where the highway is maintained by the State by the patrol system. There is a finding that this highway was so maintained, but there is an entire absence of evidence upon that subject, and upon a motion for nonsuit the question was squarely raised.

The accident was in the evening. Work was progressing during the day time, and a night watchman was left on the road under repair, a distance of about two miles and a quarter, during the night time, and he was supposed to go up and down the road from time to time to see that the barricades were in position. He was about a mile distant from where the accident took place. It was evidently a part of his duty to guard the machinery and appliances used on the job. The mere fact that a night watchman was in attendance during the night cannot, I think, be stretched far enough to attach liability to the State upon the ground that the highway was maintained by the patrol system.

It seems to be well settled that the State is not liable for the negligence of its officials unless a statute imposes such liability. The rule *respondeat superior* does not apply, and the negligence is deemed the personal negligence of the official or servant who is charged with the performance of a duty and not that of the State. (*Lewis* v. *State,* 96 N. Y. 71, 74; *Locke* v. *State,* 140 id. 480.) In the absence of proof, therefore, that the State maintained this road by the patrol system, no liability has been shown.

The judgments should, therefore, be reversed and the claims remitted to the Court of Claims for its further consideration, with costs to the appellants to abide the event.

All concurred.

Judgments reversed and claims remitted to the Court of Claims for further consideration, with costs to the appellants to abide the event.