John McBride, Tenant by the Curtesy, Claimant, v. The State of New York, Defendant.

## Claim No. 15739.

(Court of Claims, State of New York, January, 1920.)

**Interest — when state not liable for interest upon fund in custody of the state treasurer — when state is not responsible for the wrongful acts of its officers — statutes — claim dismissed.**

A fund arising in a condemnation proceeding was, pursuant to an order of the court, deposited with the county treasurer to be invested with direction that the interest be paid to the wife of claimant, the principal to be held subject to the further order of the court. Nearly thirty years thereafter, the court, acting under the provisions of section 9 of chapter 651 of the Laws of 1892 (now State Finance Law, § 44) as to moneys paid into court and in the custody of said county treasurer, granted an order directing him after deducting his legal fees to transfer the fund and all accumulation of interest thereon to the state treasurer where it remained for more than seven years and until, by an order of the court made upon the application of claimant as tenant by the curtesy of the fund, it was retransferred to the custody of the county treasurer without notice either to the state comptroller or state treasurer. Pursuant to said order as modified, on application of the attorney-general in behalf of the state comptroller, the exact amount which had been transferred to the state treasurer, without any allowance of interest, was paid over to said county treasurer. Upon the hearing of the claim for interest on the fund during the time it was in the custody of the state treasurer it did not appear that said fund during such period was invested or earned any income, or that any demand was made upon the state treasurer or upon any other state officer by the claimant or any other person for the return of the fund to the custody of the said county treasurer or for interest on or the income of said fund. *Held,* that in the absence of a statute making the state liable for interest while the fund was in the custody of its treasurer the claim should be dismissed upon the merits, even though it be conceded that the action of the state officers in accepting

the transfer of the fund, was unauthorized, unlawful and wrongful.

The state is responsible for the consequences of the wrongful acts of its officers only where by statute it has consented to be held liable therefor.

CLAIM for interest upon a fund while in custody of state treasurer.

Wilber McBride, for claimant.

Alexander T. Selkirk, deputy attorney-general, for state.

SMITH, J. This claim arises out of the following facts:

Prior to January 19, 1881, claimant was tenant for life of a farm of land situate in the town of Hamptonburgh, county of Orange, in this state, said farm having been devised to him for life by his grandfather, with remainder over to his children should he leave any him surviving. On January 19, 1881, claimant conveyed his said life estate to his wife, Kate Post McBride. Thereafter and in the year 1881 a railroad corporation acquired a portion of said farm by condemnation. The value of the portion was appraised and determined at the sum of one thousand dollars, which sum was by order of the Supreme Court directed to be " deposited by said petitioner with the Treasurer of Orange County, New York, or, to the credit of said Treasurer in this proceeding, in the National Bank of Orange County, at Goshen in said County, and during the lifetime of said John McBride to be invested by said Treasurer and the interest arising therefrom be paid over annually during said period to Kate Post McBride, assignee of said John McBride, and the principal thereafter to be held to abide the further order of this Court."

On February 22, 1889, Kate Post McBride died, intestate, leaving surviving her husband, the claimant herein, and five children, now all of full age, having during her lifetime received the income on said fund.

It appears that claimant was appointed administrator of the estate of his deceased wife, and as such received the income of the fund up to April 24, 1899. After April 24, 1899, the income was allowed to accumulate in the hands of the county treasurer of Orange county for the reason, as alleged in the claim, that claimant was ignorant of his rights with reference thereto. On April 20, 1911, the accumulation of such income amounted to $476.23 which, added to the principal of the fund, made a gross amount of $1,476.23.

On May 7, 1908, an order had been granted by the Supreme Court, upon the application of the state comptroller, directing the treasurer of Orange county to " pay over and transfer from the depositories designated by the Comptroller of the State of New York to the Treasurer of the State of New York any sums of money paid into this Court which shall have remained undisturbed in the hands of said County Treasurer for the period of twenty years, together with all accumulations of interest thereon, after deducting his legal fees," and " also that said County Treasurer, from year to year, hereafter, transfer all such funds as may, from time to time, fall into such class, upon the request of the Comptroller of the State of New York without any further order of this Court," and further " that said County Treasurer, upon making such transfer shall furnish the State Comptroller and the State Treasurer each a certificate under his hand and the official seal of his office showing in detail the title, ledger folio, date of judgment or decree directing the payment into Court, date when received by County Treasurer, for whom received as best

known, and amount transferred with interest computed to date of transfer and the amount of his fees deducted.'' This order was granted to enforce, as to moneys paid into court and in the custody of the county treasurer of Orange county, the provisions of section 9 of chapter 651 of the Laws of 1892, now section 44, State Finance Law. Acting or intending to act, it is evident, in compliance with the statute above cited and with the said order of the Supreme Court, the county treasurer of Orange county on April 22, 1911, transferred and paid over to the state treasurer the McBride fund, which then amounted, as above stated, to $1,476.23, deducting a fee of $5.00, making the amount received by the state treasurer $1,471.23, which amount remained in the custody of the state treasurer until October 18, 1918, when it was transferred back to the custody of the county treasurer of Orange county.

It does not appear that this fund while in the custody of the state treasurer was invested or earned any income, or that any demand was made upon the state treasurer or upon any other state officer by the claimant or any other person for the return of the fund to the custody of the treasurer of Orange county, or for interest on or the income of the fund.

In August, 1918, claimant claiming to be tenant by the curtesy of this fund, and as such the owner of the accumulated income, presented to the Supreme Court a petition for a writ of mandamus directing the state comptroller to issue his warrant to the state treasurer directing that officer to '' pay back into the hands of the Treasurer of the County of Orange the said sum of $1,471.23 above described and *erroneously and under misapprehension removed because of the failure of your petitioner to apply for the interest thereon* of the corpus fund of One Thousand Dollars as aforesaid.''

The petition alleged no demand upon the state comptroller or state treasurer for the return of the fund, nor did it demand interest on the fund for the period during which the fund was in the custody of the state treasurer.

On August 2, 1918, an order was granted by the Supreme Court at Special Term, upon said petition, without notice to the state comptroller or state treasurer, directing the comptroller to issue his warrant to the state treasurer directing the latter to pay back to the treasurer of the county of Orange " the said sum of $1,471.23 theretofore paid by the Treasurer of Orange County to the Treasurer of the State of New York, *pursuant to the order of the Supreme Court, Dutchess County,* dated May 7, 1908, on the 22nd day of April, 1911," the order reciting that the transfer of said moneys was made by reason of the default in the claiming of the interest due upon the corpus fund of $1,000 by the rightful claimant, John McBride. The order of August 2, 1918, also directed the county treasurer of Orange county upon receipt of said fund to pay the accumulated income amounting to $471.23 to the said John McBride as the rightful owner thereof as tenant by the curtesy of said fund, and to invest the corpus fund, $1,000, and pay the interest thereon to the said John McBride as tenant by the curtesy thereof.

On September 21, 1918, an order was granted by the Supreme Court upon the application of the attorney-general in behalf of the state comptroller modifying the order of August 2, 1918, by striking therefrom all directions to the county treasurer of Orange county as to the disposition of the fund after its receipt by him, and substituting therefor a direction that such fund be held by said county treasurer subject to the further order of the court. Pursuant to the order of

August 2, 1918, as modified by the order of September 21, 1918, the state treasurer on October 18, 1918, paid over to the county treasurer of Orange county the exact amount which had been transferred to the state treasurer, without any allowance of interest, viz., $1,471.23. Thereafter, on November 2, 1918, another order was granted by the Supreme Court at Special Term on motion of the claimant herein, and, as the order recites, upon the verified consent of his children, supplementing the order of September 21, 1918, by adding a direction to the county treasurer of Orange county that that official pay to the claimant herein the accumulated income on the fund which had then been returned to his custody, and to keep the principal of the fund invested and to pay the income thereon annually to the claimant herein as tenant by the curtesy. This order also adjudged claimant herein to be tenant by the curtesy of the fund devised to him for life by his grandfather.

On December 13, 1918, claimant filed this claim with this court asking judgment for an amount equal to the interest at six per cent per annum upon the fund of $1,471.23 for the period during which it was in the custody of the state treasurer, after having been wrongfully, as alleged, transferred from the custody of the county treasurer of Orange county.

It is urged by the learned attorney-general that if any valid claim against the state arose out of the facts and circumstances here existing, the estate of Kate Post McBride is the owner thereof, for the reason that the estate for the life of claimant in the fund devised by his grandfather became personal property, viz., a chattel real, upon conveyance thereof by claimant to his wife, Kate Post McBride, and that upon the death of said Kate Post McBride the right to the income on the McBride fund passed to her administrator as one

of the assets of her estate and that, therefore, claimant is not the real party in interest, and we are referred to Real Property Law, section 34, and Code of Civil Procedure, section 2673, in support of that contention.  We shall not assume to determine that question for, in view of the conclusion we have reached, we regard it as unnecessary to do so.  It may be said, however, that the McBride fund had its origin in a Supreme Court proceeding, and that court has decreed claimant to be entitled to the income thereof.  If the state were chargeable for interest upon this fund upon the facts here appearing, it would be as damages for the wrongful taking or withholding of the fund.  Our attention has not been called to any statute making the state liable for interest in such a case as this.  There was no contract to pay interest, nor does it appear that the fund actually earned any income while in the custody of the state treasurer.  The state treasurer and state comptroller committed no wrong in receiving this fund from the county treasurer, for it is conceded by the petition for the writ of mandamus that the moneys were transferred pursuant to an order of the Supreme Court, though under a misapprehension and because of the failure of claimant here to apply to the county treasurer of Orange county for the income of the fund.  It also appears that these moneys were paid over to the state treasurer by the county treasurer of Orange county accompanied by a certificate from the latter whereby it appeared that this fund had remained undisturbed in the hands of the county treasurer for nearly thirty years and was transferred pursuant to an order of the Supreme Court, and there was nothing in the certificate to indicate that the transfer of the fund to the state treasurer was in any way improper. In addition, the order of August 2, 1918, directing the return of this fund to the county treasurer, recites

that the transfer of this fund to the custody of the state treasurer was "pursuant to the order of the Supreme Court, Dutchess County, dated May 7, 1908," and that the said transfer was made "by reason of the default in the claimant of the interest due upon the corpus fund of One Thousand Dollars by the rightful claimant John McBride."

In these circumstances it can not be said that possession of these moneys was wrongfully obtained by a state officer, and as it does not appear that any demand was ever made upon the state comptroller or state treasurer for the return of the fund, there was no wrongful detention thereof. But if it · be conceded that the action of the state officers in accepting the transfer of these moneys was unauthorized, unlawful and wrongful, yet the state is not liable for the consequences of their act. In doing a wrongful act, a state officer does not represent the state. He represents the state only when he acts lawfully in pursuance of command or permission of law. The state is responsible for the consequences of the wrongful acts of its officers only where by legislative enactment it has consented to be held liable therefor. *Litchfield* v. *Bond,* 186 N. Y. 68; *Lewis* v. *State of New York,* 96 id. 71; *Locke* v. *State of New York,* 140 id. 480; *Gutekunst* v. *State of New York,* 188 App. Div. 316; *Smith* v. *State of New York,* 227 N. Y. 405.

As stated above, no statute has been called to our attention whereby the state has consented to be held liable in such a case as this.

Even though the transfer of the money was accomplished by the unlawful and wrongful act of one or more state officers and gave rise to a valid claim against the state for interest for the period while the fund remained in the custody of the state, the acceptance of the return of the fund without interest, and

Court of Gen. Sessions, N. Y. County, January, 1920.   [Vol. 110.

without demand for interest, operates as a waiver of the claim for interest. *Cutter* v. *City of New York,* 92 N. Y. 166; *Matter of Hodgman,* 140 id. 421; *Middaugh* v. *City of Elmira,* 23 Hun, 79; *Brady* v. *City of New York,* 14 App. Div. 152.

Here no demand for interest was ever made upon any state officer until the filing of this claim. In making application for a writ of mandamus to compel the return of the fund to the county treasurer, claimant made no mention of interest, demanding only the return of the exact amount which had been paid into the hands of the state treasurer, and the order directing the return made no mention of the interest. If there ever was a valid claim for interest, it did not survive the return of the principal, as an independent cause of action, in the circumstances of this case.

The claim should be dismissed upon the merits.

Ackerson, P. J., and Cunningham, J., concur.

Claim dismissed.