**CHAPMAN, Com'r of Banking, v. MARSICO et al.   (No. 3035.)**

(Court of Civil Appeals of Texas. Texarkana. March 30, 1925. Rehearing Denied April 9, 1925.)

**Banks and banking ⊜48(2)—One holding stock of bank as collateral security for debt not liable under statute as stockholder for debts of bank.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 556, one holding stock of bank as collateral security for debt of stockholder is not liable as stockholder under article 552, for debts of bank, though bank does not know, and its records do not show, stock is so held.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by J. L. Chapman, Commissioner of Banking, against N. Marsico and another. From a judgment for plaintiff against defendant R. T. Arthur only, and from a judgment for defendant named, plaintiff appeals. Affirmed.

John T. Suggs, of Denison, for appellant. Wood & Wood, of Sherman, and E. J. Smith, of Denison, for appellees.

WILLSON, C. J. This suit, commenced August 15, 1921, by Ed Hall, as commissioner of banking, against R. T. Arthur and N. Marsico, was afterwards prosecuted to a judgment by appellant Chapman, as Hall's successor in office, in his (Chapman's) favor

---

against Arthur for $1,695 and in Marsico's favor for costs.

The suit was to enforce a liability the commissioner claimed Arthur and Marsico had incurred by force of the statute (articles 552 and 556, Vernon's Statutes) as holders of capital stock of an insolvent state bank. It appeared from testimony heard at the trial that on June 24, 1921, Arthur borrowed $2,025 of Marsico, and as security for the loan indorsed and delivered to him (Marsico) a certificate covering 15 shares of the capital stock of the Denison Bank & Trust Company, then owned by Arthur. When the certificate was delivered to him Marsico surrendered it to the proper officer of the bank for cancellation, and in lieu thereof received a certificate in his own name for a like number of shares of stock. Thereafter until July 15, 1921, when, because it was insolvent, the affairs of the bank were taken over by the commissioner as provided by law (article 453, Vernon's Statutes), Marsico appeared on the records of the bank as the owner of the 15 shares of stock. July 22, 1921, Arthur having repaid the $2,025 he had borrowed as stated, Marsico turned the certificate of stock over to him. During the time Marsico appeared on the records of the bank as the owner of the stock, to wit, on July 1, 1921, the bank declared a dividend thereon, and same was paid to Arthur. How that happened was not shown, it seems, for the bank had no notice that Marsico was not the owner of the stock as he appeared on its books to be, but, instead, held same as collateral security for indebtedness to him.

The question presented for determination may be stated as follows: Is a person who appears on the books of an insolvent state bank to be the owner of stock therein, but who in fact holds the stock only as collateral security for indebtedness due him, liable for debts of the bank as provided in article 552, Vernon's Statutes, as follows:

"If default shall be made in the payment of any debt or liability contracted by any bank * * * each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Appellant's contention that the question should be answered in the affirmative, notwithstanding the declaration in article 556 of said statutes that:

"No person * * * holding such stock as collateral security, shall be personally subject to any liability as stockholder in such corporation; but the person pledging such stock shall be considered as holding the same, and shall be liable as stockholder accordingly."

—is on the theory, quoting from his brief:

"That the exemption from liability of one holding stock merely as collateral security is limited in its application to cases where the fact that such stock is so being held is made to appear in some manner, and has no application to a case like the present, where the fact that the stock is held as collateral is not made known to the bank nor to the commissioner of banking, and the records of the bank are such that one examining the same could acquire no notice that the holding was by way of security."

As we understand it, the question was not presented in Lantry v. Wallace, 182 U. S. 536, 21 S. Ct. 878, 45 L. Ed. 1218, cited by appellant as supporting his contention, and it has not been determined by any of the appellate courts of this state. However, the question has arisen in other states having statutes like our own, and in each instance has been determined—correctly, we think—to the contrary of appellant's contention. Union Sav. Ass'n v. Seligman, 92 Mo. 635, 15 S. W. 630, 1 Am. St. Rep. 776; Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359; McMahon v. Macy, 51 N. Y. 155; Johnston v. Black, 59 Wash. 144, 109 P. 367. The declaration in the statute is plain and unconditional, and we think that the courts, in the face of it, and on facts like those in the record before us, have no right to say that one who holds stock as collateral security only is liable as a stockholder as provided in article 552 set out above.

There is no error in the judgment, and it is affirmed.