## Case No. 3,633.

### DAVIS v. FIRST BAPTIST SOCIETY OF ESSEX.

[2 Browne, Nat. Bank Cas. 110;[1] 44 Conn. 582.]

District Court, D. Connecticut. Nov. Term, 1877.

TRUSTEE—EXEMPTION FROM PERSONAL LIABILITY, HOW TO APPEAR—RELIGIOUS SOCIETY HOLDING STOCK BOUGHT WITH BEQUEST.

1. A trustee, holding shares in a national bank, cannot avail himself of his exemption from personal liability for debts of the bank, unless his trusteeship appears on the books of the bank.

2. With a bequest of money a religious society purchased, and held in its own name, shares in a national bank. The society had other donations otherwise invested. Held, that the society was not a trustee, but an ordinary stockholder, and liable to assessment for debts of the insolvent bank.

Action by [Theodore M. Davis] the receiver of a national bank against stockholders to recover the amount of an assessment for the debts of the bank.

T. M. Davis and W. Howe, for plaintiff.
L. E. Stanton, for defendants.

SHIPMAN, District Judge. This is an action at law brought by the receiver of the Ocean National Bank of the city of New York, to recover from the defendants an assessment upon their stock in said bank. The parties agreed by stipulation in writing, waiving a jury, that the case should be tried by the court. All the allegations of fact which are contained in the plaintiff's declaration were admitted by the defendants to be true and are found to be true. The certificate of stock which was delivered to, and was accepted and is now held by, the defendants, is in the name of the First Baptist Church and Society of Essex, individually, and not as trustees. The stock stands, and has always stood, since its purchase by the defendants, upon the stock ledger and the stock books of said bank in the name of the de-

---

[1] [Reported by Irving Browne, Esq., and here reprinted by permission.]

fendants, without indication or notice that they are, or were at the time of the purchase, trustees. The foregoing facts were proved by the plaintiff. It was not claimed that the bank was ever notified that the defendants claimed to be trustees.

The defendants, as a matter of defense, offered to prove the following alleged facts, which are set forth in the notice annexed to the plea of the general issue. To the admission of this evidence the plaintiff objected, upon the ground that it was irrelevant and immaterial and constituted no defense against the admitted facts. The defendants offered to prove that said thirty-six shares of the capital stock in the said Ocean National Bank, described in the plaintiff's declaration to have been owned or held by the defendants as shareholders in said bank, "were purchased and held by the defendants only as trustees, and were never in any manner owned or held by them in their individual capacity, either as a society, corporation, or as individuals, but that said shares were in fact purchased wholly with funds which were given by William Williams of Saybrook, Connecticut, deceased, in and by his last will and testament, which was dated December 31, 1834, as follows, to wit: One-nineteenth of his estate to the Second Baptist Church and Society in Saybrook, and their successors forever, in trust to be put to interest with good and sufficient securities, or invested in stocks, the use of which shall be applied annually to defray the expenses of said society; always provided that the salary shall be not at any time less than four hundred dollars the year, including house rent; and another nineteenth of his estate, less three hundred dollars, given to the same persons and their successors forever in trust to be invested as aforesaid, and the use of which is to be applied from time to time to the cause of missions. The defendants will prove that when said stock was purchased the defendants were and now are the successors of said Second Baptist Church and Society in Saybrook in said trust, and that on or about the 27th day of January, 1867, a committee of the defendants invested in the purchase of said thirty-six shares, the sum of about $1900, the same being wholly derived from said bequest of William Williams, and being the whole of the funds derived from said Williams, viz. two-nineteenths of his estate, less three hundred dollars, and held by the defendants only under said trust." The defendants further offered to prove "that, by the failure of said Ocean National Bank, the defendants, trustees as aforesaid, have wholly lost all of the trust fund received under said will, and have not now in their hands or possession any property or estate, except such as was given and granted to them by other grantors and donors in trust for charitable and pious uses, and none which is liable to be taken to pay the assessment set forth in the plaintiff's declaration." This evidence was excluded.

The defendants duly excepted to the ruling of the court excluding said evidence.

The foregoing constituted all the facts which were proved, and which were offered to be proved, upon the trial. The evidence was excluded upon the ground that the facts which were offered to be proved constituted no defense against the action. Section 5150 of the Revised Statutes, the personal liability section of the act authorizing the establishment of national banking associations, is a part of the charter of each national bank. It "pledges the liability or guarantee of the stockholders, to the extent of their stock, to the creditors of the company, and to which pledge or guarantee, the stockholders, by subscribing for stock and becoming members of it, have assented." Hawthorne v. Calef, 2 Wall. [69 U. S.] 22. A stockholder of record is liable to an assessment although he has sold his stock, if such transfer has not been made upon the books of the bank. Pledgees of stock who hold the legal title and are stockholders of record are liable, although the pledgor may be the actual owner of the stock. So long as stockholders permit themselves to appear upon the record as stockholders, their personal liability continues. The creditors have a right to rely upon the guarantee of those who continue to hold themselves out as stockholders. In ordering an assessment, the stock certificates and the stock ledger are the basis upon which the comptroller of the currency, in the absence of fraud or mistake, must rely. It is impossible for him to ascertain the equities of each stockholder, and if any stockholder could relieve himself from the consequence of his laches by showing that another unknown person was the owner of the stock, creditors might have payment of their debts indefinitely postponed, and an unjust burden might be imposed upon the acknowledged stockholders. Some definite and conclusive means of information as to the ownership of stock for the purposes of assessment ought to be furnished to creditors, to the receiver, and to the comptroller. This information should be found, in the absence of fraud or mistake, in the certificates of stock, and in the stock books of the bank. But the defendants insist that inasmuch as section 5151 frees from personal liability persons who hold stock as trustees, extrinsic evidence can be resorted to for the purpose of proving the trust, although the certificates and the stock ledger do not disclose trusteeship. Creditors have a right to know who have pledged their individual liability. If the trusteeship does not appear upon the books of the bank, they have a right to infer that the stockholder is personally liable. If a trustee wishes to disclose his trusteeship, there is no difficulty in giving notice upon the books of the bank. If he does not disclose his trusteeship, he is guilty of laches, for which others should not suffer. The settlement of the affairs of an insolvent bank would be rendered a matter of great

labor, expense and delay, if persons who appeared upon the books of the bank as individual stockholders were permitted to relieve themselves by proving that they held the stock as executors, or guardians, or trustees. If A. is permitted to prove that he holds his stock as trustee for B., and B. is permitted to show he is trustee for A., litigation would be protracted, individual stockholders would suffer, and the strength of the personal liability section might be seriously impaired. Existence of the trust should appear upon the evidence of ownership. Adderly v. Storm, 6 Hill, 628. If it does not appear, and no fraud or mistake is imputed to the bank, the trustee is in fault, and not the bank, nor the creditors. As between two persons otherwise equally innocent, the one who is guilty of laches whereby the other was . misled should suffer. Id.; Stover v. Flach, 30 N. Y. 64; Crease v. Babcock, 10 Metc. [Mass.] 525; Hale v. Walker, 31 Iowa, 344. Again, the liability of the stockholder arises from his virtual contract, evidenced by his subscription to the stock, or by his becoming a stockholder. He thereby assents to become security to the creditors for the payment of the debts of the bank. It is not in form a contract, but is an agreement resulting from the assent of the parties to the statutory liability. "It does not exist solely as a liability imposed by statute; it is not enforced simply as a statutory obligation, but is. regarded as voluntarily assumed by the act of becoming a stockholder. By such act he consents to be bound, or that his property shall be charged with debts of the corporation, to the extent and in the manner prescribed by the act of incorporation." Loury v. Inman, 46 N. Y. 125; Hawthorne v. Calef, 2 Wall. [69 U. S.] 22; Corning v. McCullough, 1 Comst. [1 N. Y.] 47. The defendants, by becoming stockholders, and by the acceptance of a certificate which shows that they hold the stock in their own right, have entered into this contract of personal liability. The contract is a completed one, and cannot now be changed against the will of one of the parties into a contract of different character. Let judgment be entered for the plaintiffs for the sum of $720, with interest on $360 thereof from February 26, 1877, and upon $360 thereof from April 26, 1877, at 6 per cent.