[S. F. No. 2806.   Department Two.—September 3, 1903.]

B. G. HURLBURT et al., Respondents, v. ELIZA J. ARTHUR et al., Defendants; HENRY MILLER, Appellant.

BANKING CORPORATION—PERSONAL LIABILITY OF STOCKHOLDERS—PLEDGE OF STOCK—CONCLUSIVENESS OF BOOKS.—A pledgee of stock in a banking corporation, in order to exempt himself from personal liability as a stockholder therein, must appear to be a pledgee of the stock on the books of the corporation. Where from the corporation books he appears to be a stockholder, and is held out to the public as such, and there is nothing to indicate that he holds as a pledgee, or in any other capacity than as owner of the stock, the books as to him are conclusive, and he will be held liable to creditors of the bank as such owner, and will not be permitted to show that he is in fact simply a pledgee of the stock as collateral security for money advanced.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, for Appellant.

A pledgee of stock is not personally liable, though the stock appears to stand in his name.   (Civ. Code, sec. 322; *Matthews* v. *Albert*, 24 Md. 527; *Union Savings Assn.* v. *Seligman*, 92 Mo. 635; *McMahon* v. *Macy*, 51 N. Y. 158; *Stover* v. *Flack*, 30 N. Y. 64; *Reciprocity Bank Case*, 22 N. Y. 9; *Addison's Case*, L. R. 5 Ch. 294; *Chipman's Case*, L. R. 3 Eq. 365; *Re Anglaise Colliery Co.*, L. R. 2 Eq. 379.)

J. R. Welch, for Respondents.

The books of the bank were conclusive that Miller was the owner of the stock, and not a pledgee thereof.   (Civ. Code, sec. 321; *Pauly* v. *State L. and T. Co.*, 105 U. S. 621; *Anderson* v. *Philadelphia Warehouse Co.*, 111 U. S. 479; *Germania Nat. Bank* v. *Case*, 99 U. S. 628; *Baines* v. *Babcock*, 95 Cal. 593; *O'Connor* v. *Witherby*, 111 Cal. 530; *Moore* v. *Boyd*, 74 Cal. 174; *Visalia etc. R. R. Co.* v. *Hyde*, 110 Cal. 636;[1] *Kennedy* v. *Savings Bank*, 110 Cal. 495; *Knowles* v. *Sanderson*, 107

_____
[1] 52 Am. St. Rep. 136.

Cal. 636; *Smith* v. *San Francisco etc. Ry. Co.*, 115 Cal. 393; *Wolf* v. *St. Louis T. W. Co.*, 15 Cal. 320; *People* v. *Robinson*, 64 Cal. 375; 3 Thompson on Corporations, secs. 3192, 3194, 3213; Cook on Stock and Stockholders, secs. 247-253; *State* v. *Bank of New England*, 70 Minn. 398;[1] *Summers* v. *Hill*, 96 Mo. 64; *Stover* v. *Flack*, 30 N. Y. 70, 71; *Thompson* v. *Reno Bank*, 19 Nev. 103;[2] *Roosevelt* v. *Brown*, 11 N. Y. 156; *Davis* v. *Essex Baptist Soc.*, 44 Conn. 582; *Adderly* v. *Storm*, 6 Hill, 624; *Richardson* v. *Abendroth*, 43 Barb. 162; *Shellington* v. *Howland*, 53 N. Y. 371; 67 Barb. 14; *Berry First Nat. Bank* v. *Bingham*, 127 Mass. 565; *Herbert Kraft Co. Bank* v. *Bank of Orland*, 133 Cal. 68.) Section 322 of the Civil Code makes the stock*holder* and not necessarily the stock*owner*, the person liable to the creditors of the corporation.

LORIGAN, J.—The plaintiffs, as depositors of the Union Savings Bank of San Jose, bring this action against the defendant Miller for his proportionate liability, as a stockholder thereof, under section 322 of the Civil Code.

The case was tried in the lower court on an agreed statement of facts, from which, as far as it is pertinent to this appeal, it appears that the said bank, prior to 1896, and continuously up to January 30, 1899, was a corporation, organized under the laws of this state, and engaged in the business of banking in the city of San José, Santa Clara County, with a capital stock of one million dollars, divided into ten thousand shares, all of which were, at least three years prior to said January 30, 1899, subscribed for, issued, and outstanding. That on said January 30, 1899, said bank became insolvent. That between April 19, 1897, and January 3, 1899, a large number of persons deposited in said bank sums aggregating $143,481.35, which have never been repaid, and their claims for which were, prior to the commencement of this suit, properly assigned to the plaintiffs; that said bank kept a book, known as the stock-transfer book, in which it kept a record of all stock, the names of the stockholders, a statement of every transfer of stock, the date thereof, and by and to whom made, and such other books and records provided for by law, and the by-laws of said bank. That said books show, that there was issued to the defendant Henry

---

[1] 68 Am. St. Rep. 538, and note.      [2] 3 Am. St. Rep. 797, and note.

Miller, in his individual name, on April 19, 1897, a certificate for seventy shares of the capital stock of said bank; that said seventy shares of stock were previously held by one George T. Dunlap, who on that day transferred them to said Miller; that said transfer of said stock was regularly entered in the transfer-book and upon the stock ledger of said bank. That while said Miller so held said certificate of stock in his individual name, as shown by the books of the bank, which were accessible to all stockholders, depositors, and creditors, he held the same in fact as collateral security for the payment of a debt due him from said Dunlap; that there is nothing on the books or records of said bank to show that Miller was holding it as collateral security, and that the plaintiffs did not know prior to the answer of Miller filed in this action that he so held it.

Judgment was entered in favor of plaintiffs against defendant Miller, and he appeals.

The only question presented on this appeal is, whether in this state one who, upon the books of a banking corporation, appears as a stockholder, may show, to escape his statutory liability to its creditors,—depositors in this instance,—that he was not in fact the owner of the stock, but held it merely as collateral security. The solution of this question will depend upon the construction to be given certain sections of the Civil Code bearing upon the subject. Section 321 thereof with reference to stockholders in a banking corporation reads: "Every corporation doing a banking business in this state must keep in its office, in a place accessible to the stockholders, depositors, and creditors thereof, and for their use, a book, containing a list of all stockholders in such corporation, and the number of shares of stock held by each. . . . The entries on such book . . . shall be conclusive evidence against each director and stockholder of the number of shares held by each." The other section (Civ. Code, sec. 322) is found in the general law governing corporations, and, in as far as it is applicable to the matter under consideration, provides: "The liability of each stockholder is determined by the amount of stock or shares owned by him at the time the debt or liability was incurred; and such liability is not released by any subsequent transfer of stock. The term

'stockholder,' as used in this section, shall apply not only to such persons as appear by the books of the corporation to be such, but also to every equitable owner of stock, although the same appear on the books in the name of another, and also to every person who has advanced the installments or purchase money of stock in the name of a minor, so long as the latter remains a minor; and also to every guardian, or other trustee, who voluntarily invests any trust funds in the stock. . . . Stock held as collateral security, or by a trustee, or in any other representative capacity, does not make the holder thereof a stockholder within the meaning of this section, except in the cases above mentioned, so as to charge him with any proportion of the debts or liabilities of the corporation; but the pledgor, or person or estate represented, is to be deemed the stockholder, as respects such liability.''

It will readily suggest itself, that the only difficulty in this case lies in construing and applying the phrase ''except in the cases mentioned,'' found in that part of the section exempting those holding stock as collateral security, or in representative capacities, from the general liability of stockholders.

Appellant contends that these excepted cases are to be found in the previous portion of the section defining the term ''stockholder,'' and apply only to equitable owners, and persons advancing the purchase price for minors, and to guardians, or trustees voluntarily investing trust funds, who, in terms, are there declared to be stockholders and liable as such.

It is only natural that appellant should make this contention, because if the only other case in which that section defines a stockholder and declares his liability,—viz., where he appears on the books of the corporation as such,—is embraced in the exception, it is the end of appellant's claim of immunity. This exigency, however, affords no reason why such limited construction should prevail. On the contrary, as the contention is a concession that the ''excepted cases'' apply to all but one class of persons, which the section itself defines as stockholders, it is a persuasive reason why, as these latter persons are also embraced in the definition, they should also come within the exception. It will be observed that the first part of the section itself defines who are ''stockholders'' and liable as such, and declares them to be those who appear

on the books of the corporation as such; also equitable owners, investors for minors and guardians, and trustees voluntarily investings trust funds. In all such cases, the law itself stamps them as stockholders, leaving no room for question as to their relation to the corporation or as to their liability to creditors. It then declares, that holders of stock as collateral security, and in representative capacities, are not liable as stockholders "except in the cases above mentioned," which are obviously the cases where, as indicated, the law has in terms declared them to be such.

This is not only the natural construction to be put on this section, but it was doubtless the intention of the legislature to make persons liable, as stockholders, whenever they appeared to be such on the face of the corporation books. Motives of public policy would suggest such legislation, and the fundamental idea inspiring it would be, to afford the greatest protection to creditors of a corporation, and to the highest extent secure them against loss. A creditor dealing with a corporation, can have no assurance of its financial responsibility except such as he gathers from the examination of the stock register to ascertain who its stockholders are, and the legislature intended, as this was the only practical way in which the creditor could obtain information, to make the stockholder responsible to him to the extent and in the capacity his relation to the corporation appeared from the inspection of its books. It was a very easy matter for the appellant in this case, as it is equally so for persons holding stock as collateral security in any case, to have the record of the corporation show his exact relation to the stock upon the corporate books. And as far as the validity of a pledge of stock is concerned, that could legally exist independent of any transfer upon the books of the corporation from the pledgor to the pledgee. (*Spreckels* v. *Nevada Bank,* 113 Cal. 277.[1]) As the pledgee might show what the real transaction was upon the books of the corporation, the law has fixed as a penalty for his failure to do so a responsibility to the same extent that would follow had he in fact been the owner of the stock, and appearing as such upon the stock register. And we can understand, how the necessity for showing the true relation

---

[1] 54 Am. St. Rep. 348.

in which stock of a corporation is held, would be particularly applicable in cases of bank depositors, where the principal, if not the only, reliance a depositor may have for the return of his money, is upon the financial responsibility of its stockholders, and he can only ascertain that responsibility by an inspection of the list of the stockholders, as disclosed by the books of the bank. If, as contended by appellant, one who appears upon the books of the bank as a stockholder is not within the exception in the section, but may relieve himself of all responsibility to depositors by showing that he holds the stock as pledgee, we would have this condition, that while upon the face of the books the stockholders would consist of persons financially able to meet any possible claims, yet in truth they would be but nominally so, and in reality represent undisclosed, embarrassed stockholders, from whom the depositor would be compelled hopelessly to look for payment, although he became a depositor solely upon the responsibility of the stockholders as exhibited by the books. It is no answer to say, that this same condition of things might exist if the books showed that these apparent stockholders were in reality pledgees of the stock. The vital difference is, that in the first instance the depositor is misled by an apparent financial responsibility; in the second, he is aware of the true condition of things and can govern himself accordingly.

The reason for this rule of liability is aptly stated by the court in *Magruder* v. *Colston,* 44 Md. 356,[1] speaking of an undisclosed pledgee on the corporate books: "The reason for this is obvious. The stock stands on the books of the bank in his name, and he is thus held out to the public as a shareholder, and persons dealing with the bank have no means of knowing the nature of the contract under which he holds the stock, and have a right to presume, and are led to believe, that he is the absolute owner of it, and it is but fair to presume that they deal with the bank upon the faith and credit of parties thus appearing as stockholders. Stockholders are those who appear on the books of the bank as owners of shares, and who are entitled to manage its affairs, and they can only throw off the liability incident to that relation by transferring the stock. Until this is done they continue to be stockholders within

[1] 22 Am. Rep. 47.

the meaning of the banking act. If we depart from the terms of the law, and inquire into the equities which may exist between the stockholders and third persons, it cannot fail to embarrass creditors in seeking a remedy for the wrongs which have been done by the corporation. If creditors must look beyond the legal title as exhibited by the books of the bank they can never know against whom to proceed.''

As to the construction which is to be placed upon these sections of the code, we are aided in a very large measure by the construction which the supreme court of the United States has placed upon almost identical sections in the National Banking Act. Section 5210 of the Revised Statutes provides that national banks shall ''keep at all times a full and correct list of the names and residences of all stockholders in the association and the number of shares held by each, in the office where its business is to be transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association.'' By section 5152 thereof it is provided that: ''Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders.'' It will be thus observed that the recited sections are in the main very similar to our own, and the supreme court in construing them has uniformly held that the books of the bank are conclusive in actions brought by creditors as to who are stockholders thereof. In *Pauly* v. *State L. and T. Co.*, 165 U. S. 621, it is said: ''Manifestly one, if not the principal, object of this requirement [listing] was to give the creditors of the association, as well as other authorities, information as to the stockholders upon whom, if the association became insolvent, will rest the individual liability of its contracts, debts, and engagements. It is true that one who does not in fact invest his money in such shares, but who, although receiving them simply as collateral security for debts or obligations, holds himself out on the books as a true owner, may be treated as the owner. . . . If as between creditors and the person assessed, the latter is not held bound by that representation, the list of shareholders required to be kept for the inspection of creditors and others, would lose most of its value.'' In *Anderson* v. *Philadelphia Warehouse Co.*, 111 U. S. 483, it is said: ''It is well settled that one who allows

himself to appear on the books of a national bank as an owner of its stock, is liable to creditors as a shareholder, whether he be the absolute owner or pledgee only." (*Germania Nat. Bank* v. *Case,* 99 U. S. 628.)

And the general rule upon this subject is, that in the absence of an express statute to the contrary, the liability to pay calls and to respond to creditors in the event of insolvency of the corporation, attaches to the holder of the legal title to the stock, and the courts will not look beyond the registered shareholder, nor inquire under what equity he holds, and so one who takes stock as collateral security and has it transferred to himself and so registered on the books of the company, will be liable to the creditors. (Cook on Stock and Stockholders, secs. 247, 253; 3 Thompson on Corporations, secs. 3192, 3194, 3213; *Roosevelt* v. *Brown,* 11 N. Y. 156; *Davis* v. *Essex Baptist Soc.,* 44 Conn. 585; *Sherwood* v. *Illinois Tr. and Sav. Bank,* 195 Ill. 118;[1] *Holyoke Bank* v. *Burnham,* 11 Cush. 183; *Pullman* v. *Upton,* 96 U. S. 330; *Wheelock* v. *Kost,* 77 Ill. 296.) Some of these cases cited have reference to claims of non-liability by persons who were in fact trustees, although they did not so appear upon the books of the company. They were, nevertheless, held liable, and the same reasoning which would apply in such cases, is equally applicable to persons claiming exemption from liability as pledgees under our section of the code, because, any immunity from liability which is there given to trustees is equally extended to pledgees; they both stand upon the same legal plane in this respect.

We are satisfied from these authorities, that while the holder of stock as collateral security, is entitled to an exemption from liability as to the creditors of the corporation, that exemption can only be availed of where it appears upon the face of the books of the corporation that he holds such stock in pledge; but that where, from the books of the corporation he appears to be a stockholder, and there is nothing to indicate that he holds the stock as pledgee, or in any other capacity than as owner thereof, he will be held liable to creditors from the position he thus assumes upon the books, and will not be permitted to show that he is in fact simply a pledgee of the stock. As to him the books of the corporation are conclusive. (*Baines* v. *Babcock,* 95 Cal. 593.)

[1] 88 Am. St. Rep. 183.

The appellant has cited us to three authorities from three different states—Maryland, Missouri, and New York—and a decision from the supreme court of the United States, in which these various state decisions are cited. In none of those states was there any section of the code similar to ours in its definition of a stockholder and the extent of his liability; nor upon their examination do they seem to be well-considered cases. In one of them, *Matthews* v. *Abbott*, 24 Md. 527, the statement that a person appearing upon the books of a corporation as a stockholder, may show that he held the stock simply as collateral security, is the mere arbitrary declaration of a conclusion. No authorities are cited to sustain it, and no reasons are given showing why it is reached. Main reliance, however, is placed upon the decision from the supreme court of the United States (*Burgess* v. *Seligman*, 107 U. S. 20) in which, as above said, the state authorities are referred to. In this latter case, however, the defendant held stock directly from the corporation. He held it in trust as security for money advanced, and the stock transfer-book of the company showed that the stock was "held in escrow" by him. The court held that the plaintiff had actual notice and knowledge of the manner in which defendant held the stock; that he had derived a benefit from the transaction between the corporation and Seligman, and further found that if the stock had not been issued to the defendant it would have remained in the treasury of the corporation, and, hence, the plaintiff would have been no better or worse off. The peculiar conditions surrounding that case seem to have actuated the decision of the court in behalf of the defendant. It certainly does not present the same case as where a party appears upon the books of the corporation, absolutely as a stockholder, and endeavors to defeat that situation as against a creditor who is not advised that he held any other relation to the corporation than such as the corporate books disclosed.

We are satisfied that from the authorities and for the reasons suggested, the judgment of the lower court was right, and it is affirmed.

McFarland, J., and Beatty, C. J., concurred.