[No. 18737.   Department Two.   December 1, 1924.]

JOHN P. DUKE et al., Respondents, v. H. J. MADILL et al., Appellants.[1]

BANKS (1)— STOCKHOLDERS — LIABILITY FOR DEBTS OF BANK — PLEDGES OF STOCK—CONSTITUTIONAL AND STATUTORY PROVISIONS. Under Rem. Comp. Stat., § 3242, exempting all persons holding stock "as executors, administrators, guardians or trustees, if such relation of trust shall appear in the stock certificate or books," or as collateral security or in pledge, a pledgee is not liable, although the pledge was not shown on the certificate and books and was not known to the officers of the bank when, upon request, it issued a new certificate to the pledgee holding it as collateral security.

SAME (1).  Rem. Comp. Stat., § 3242, providing that a pledgee of bank stock, held as collateral security, shall not be liable on the superadded liability, but that the pledgor shall be deemed the stockholder, regardless of whether the pledge is shown by the stock certificate or books, is not violative of Const., Art. XII, § 11, declaring that all stockholders shall be liable on the superadded liability.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 5, 1924, in favor of the plaintiffs, in an action to recover the superadded liability of the stockholder in an insolvent bank. Reversed.

*Carkeek, McDonald, Harris* and *Coryell,* for appellants.

*Guy E. Kelly, Thomas MacMahon,* and *F. D. Oakley,* for respondents.

FULLERTON, J.—The respondent Duke, as the supervisor of banking having in charge the liquidation of the Scandanavian American Bank of Tacoma, an insolvent banking corporation, brought this action against the appellants Madill, as stockholders of the bank named, to recover upon the superadded liability

[1]Reported in 230 Pac. 631.

imposed on stockholders of a banking corporation by Art. XII, § 11, of the state constitution, and by the act of the legislature commonly known as the banking act, Laws of 1917, p. 290, § 35 [Rem. Comp. Stat., § 3242]. The supervisor recovered in the court below, and the question presented by the appeal is whether the interests which the appellants had in the shares are sufficient to charge them with liability.

The facts material to the question involved are, in substance, these: The banking corporation named was found to be insolvent, and was taken over for liquidation by the predecessor in interest of the present supervisor of banking, on January 15, 1921. Prior to November 20, 1920, the bank had issued a certificate for ten shares of its stock to one A. A. Boggess. Boggess subsequently assigned and delivered the stock to one A. J. Smith, although no transfer thereof was made on the bank's books. On November 20, 1920, the appellants made a loan to Smith of one thousand dollars, payable in ninety days, and took from Smith an assignment of the stock as collateral security. On the same day, they forwarded the stock to the bank and requested that it be transferred on the books of the bank to the appellant H. J. Madill. The bank complied with the request by accepting a surrender of the existing certificate and issuing to Madill a new certificate. No notice was given the bank of the collateral nature of the ownership, nor did it acquire such notice prior to its failure. Between the time of the transfer to Madill and the time of its failure, and while the stock stood in the name of Madill as the absolute owner, the bank incurred a large indebtedness, many times in excess of the par value of the stock.

It further appears that the loan was not paid at its maturity, nor afterwards, and that the whereabouts of Smith was not known at the time of the hearing.

The article of the constitution before cited reads as follows:

"Each stockholder of any banking or insurance corporation or joint stock association shall be individually and personally liable equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association accruing while they remain such stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares."

The section of the statute to which reference has been made contains the substance of the constitutional provision, and this further provision, namely:

"Persons holding stock as executors, administrators, guardians or trustees, if such relation of trust shall appear in the stock certificate and on the books of the corporation, or as collateral security or in pledge, shall not be personally liable as stockholders, but the assets and funds in the hands of such trustees constituting the trust shall be liable to the same extent as the testator, intestate, ward, or person interested in such funds would be, if living or competent to act, and the person pledging such stock shall be deemed a stockholder and liable under this section." [Rem. Comp. Stat., § 3242.]

The first disagreement of the parties is over the construction of the statute quoted. It is the respondents' contention that the qualification put upon the limitation contained therein applies as well to persons holding stock as collateral security, or in pledge, as it does to persons holding stock as executors, administrators, guardians or trustees. But we agree with the appellants that this is not its natural meaning. The statute is not ambiguous. As it is written, the qualification plainly applies to holders of stock in the last mentioned capacity, and it is only on the principle that the legislature did not by its language express its intent that

the courts can give it a different meaning. Looking at the statute with this latter thought in mind, it may be that no very substantial reason will readily occur why the legislature would require executors, administrators, guardians or trustees holding stock to have the relation of trust appear in the stock certificate and on the books of the corporation in order to escape personal liability, and not make the same requirement of persons holding stock as collateral security or in pledge. But this alone is not enough to enable the courts to interfere. The reasons for legislative enactment is wholly with the legislature, and, if their language is clear, and the enactment is within the power of the legislature, the courts must give it effect as it is written, notwithstanding they may not readily gather the legislative motive.

It is said further, that to give the statute the foregoing interpretation is to render it violative of the constitutional provision. But we cannot so conclude. It will be observed that the constitution does not define the meaning of the term "stockholder." It was, of course, known to the framers and adopters of that instrument that holders in an apparently unlimited capacity would actually hold it in a qualified and limited capacity. The obvious deduction from this is that the framers of the constitution intended that the actual stockholder should be bound. There is here, then, room for legislative action. It will not be doubted that it is within the province of the law-making power to declare whether the apparent or the real owner of such stock shall bear the burdens imposed on its ownership, and the legislature by the present enactment has done no more than this. It has declared that, as between the holder of stock pledged as collateral security and the pledgor of the stock, "the person pledging such stock shall be deemed a stockholder and liable for" the

superadded liability the constitution and statute impose, and this without regard to the question whether or not the pledgee has caused himself to appear on the stock certificate and on the books of the bank as the real owner.

The respondent makes a further argument in which he invokes the doctrine of estoppel. We think, however, that this is beside the question. The law-making body, acting within its constitutional powers, has seen fit to declare who is liable under such circumstances, and the courts are not at liberty to declare a different rule.

The judgment is reversed and the cause remanded to enter a judgment in favor of the appellants, defendants below.

MAIN, C. J., PEMBERTON, MITCHELL, and PARKER, JJ., concur.