MITCHELL ET AL., APPELLANTS, *v.* BANKING CORPORATION OF MONTANA ET AL., DEFENDANTS; FIRST NATIONAL BANK OF MISSOULA, RESPONDENT.

(No. 7,086.)

(Submitted June 28, 1933. Decided July 10, 1933.)

[24 Pac. (2d) 124.]

Mr. C. E. Pew, for Appellants, submitted an original and a reply brief and argued the cause orally.

Mr. Raymond T. Nagle, Mr. Walter L. Pope and Mr. William B. Jones, for Respondent, submitted a brief; Mr. Nagle argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiffs as creditors, on behalf of themselves and all other creditors, of the insolvent Banking Corporation, brought this action to recover the stockholders' statutory liability against numerous stockholders, among whom was the defendant the First National Bank of Missoula. This case was once before this court, but not on the question here involved. (*Mitchell* v. *Banking Corporation of Montana,* 83 Mont. 581, 273 Pac. 1055.) The trial court found the issues in favor of the defendant First National Bank of Missoula and entered judgment accordingly, dismissing the action as to this defendant. The appeal is from the judgment in favor of the defendant bank.

One Morse was the owner of fourteen shares of the capital stock in the Banking Corporation. He, prior to November, 1922, pledged the certificate for these shares of stock in the Banking Corporation owned by him to the defendant bank as collateral security for a loan made to him by it. On November 22, 1922, the defendant wrote the Banking Corporation the following letter:

"We herewith hand you your Certificate No. 522 issued to G. W. Morse for fourteen shares of the Banking Corporation of Montana. Please issue new certificate in the name of this bank, as any dividends accruing should come to us although the stock belongs to Mr. Morse subject to a loan.

"Yours very truly,

"A. R. JACOBS, President."

An abortive attempt had been made to reduce the capital stock of the Banking Corporation by one-half. (*Mitchell* v. *Banking Corporation of Montana*, supra.) The stock ledger of the Banking Corporation disclosed that a certificate was issued to the defendant on December 9, 1922, for seven shares of the capital stock of the Banking Corporation. It was sought in this action to hold the defendant liable as the holder of these shares for the stockholders' statutory liability in the sum of $700. No entry appeared on the ledger of the Banking Corporation indicating that the stock was held by the defendant in any other capacity than as an absolute owner thereof. The foregoing facts are not in dispute.

The trial court found in accordance with the foregoing facts, and that the pledgor, Morse, was at all times the owner of fourteen shares of the defendant corporation, was not a party to the action, and had never appeared therein.

This appeal presents the question whether or not a pledgee of stock who has it transferred on the books of the bank in his name, and certificate thus issued, is liable for the stockholders' statutory liability.

Section 6036, Revised Codes of 1921, as amended by Chapter 9 of the Laws of 1923, after providing for the statutory stock-

holders' liability of the holders of stock in banking corporations, provides, "and no person holding such stock as a pledge or collateral security, shall be personally subject to any liability as stockholder in such corporation; but the person pledging such stock shall be considered as holding the same, and shall be liable as a stockholder accordingly."

Plaintiffs contend that the foregoing statute does not absolve a pledgee from the statutory liability, unless it appears from the stock ledger of the bank that he is a pledgee. They assert that this contention is fully sustained by the decision of the Supreme Court of the United States in the case of *Germania Nat. Bank* v. *Case*, 99 U. S. 628, 25 L. Ed. 448. The court there had under consideration the statutory liability of a stockholder in a national bank, and it was there held that the pledgee of stock was liable where the stock was issued in his own name and a record of the issuance thereof appeared in the stock ledger without indication that the stockholder held the same as pledgee.

The federal banking law contained a provision exempting certain persons holding stock in national banks in a representative capacity, from stockholders' liability. (U. S. Rev. Stats., sec. 5152; 12 U. S. C. A., sec. 66.) Pledgees are not enumerated among those persons who are relieved from the statutory stockholders' liability in that exempting section. Subsequently it was held by the Supreme Court of the United States that a pledgee who secured a transfer of the stock in a national bank to his own name—and the record of the transfer on the books of the bank disclosed that he held the stock as pledgee—was absolved from the statutory liability of a stockholder. (*Pauly* v. *State Loan & Trust Co.*, 165 U. S. 606, 17 Sup. Ct. 465, 41 L. Ed. 844.)

Plaintiffs rely upon the decision of the supreme court of California in the case of *Hurlburt* v. *Arthur*, 140 Cal. 103, 73 Pac. 734, 98 Am. St. Rep. 17, wherein it was held that a pledgee of stock in a banking corporation, in order to exempt himself from personal liability as a stockholder, must appear to

be a pledgee of the stock on the books of the corporation, and that the books of the corporation are conclusive evidence on the subject of the ownership of the stock. The same court, however, subsequently held that the entry of the name of a person as a stockholder on the books of the corporation did not preclude him from proving that in fact he was not a stockholder and that the issuance of the stock in his name was unauthorized. (*Welch* v. *Gillelen*, 147 Cal. 571, 82 Pac. 248; *Shattuck & Desmond etc. Co.* v. *Gillelen*, 154 Cal. 778, 99 Pac. 348.)

Under the California statutes at the time of the rendition of the opinion in the case of *Hurlburt* v. *Arthur*, supra, banking corporations were required to keep in their offices, in a place accessible to the depositors and creditors, a list of all stockholders in such corporation and the number of shares held by each; the particular statute (Civ. Code, sec. 321) further provided that "the entries on such book shall be conclusive evidence against each director and stockholder of the number of shares held by each." This particular statutory provision was to a large extent the basis of the California decision in the case of *Hurlburt* v. *Arthur*, supra.

An identical statutory provision prevailed in this state (sec. 3917, Rev. Codes 1907) until a general revision of the banking laws in 1915 (sec. 28, Chap. 89, Laws of 1915, which became section 6047, Revised Codes 1921; sec. 33, Chap. 89, Laws of 1927). This new provision omitted any mention of the provision that "the entries on such book * * * shall be conclusive evidence against each director and stockholder of the number of shares of stock held by each."

It will be presumed that the legislature in amending an existing law intended to make some change therein, and therefore the courts will endeavor to give some effect to the amendment. (*State ex rel. Federal Land Bank* v. *Hays*, 86 Mont. 58, 282 Pac. 32; *State ex rel. Boone* v. *Tullock*, 72 Mont. 482, 234 Pac. 277; *State ex rel. Public Service Com.* v. *Brannon*, 86 Mont. 200, 283 Pac. 202, 67 A. L. R. 1020.)

In view of the California statute which formed the basis for the decision in the case of *Hurlburt* v. *Arthur,* supra, the receding by the California court from the rule there announced, and the amendment of our statute with reference to the conclusiveness of entries in bank books with relation to the ownership of stock therein, we are unable to see wherein the California decision is even persuasive authority in support of the contention of the plaintiffs.

Statutes similar to our own, exonerating pledgees from the statutory liability, have been enacted in numerous states, and under these statutes some courts have held that the pledgee is not relieved from liability unless the records of the bank disclose that the stockholder is a pledgee, by appropriate entries in the books of the bank. However, the more recent decisions under similar statutes hold that the pledgee, even though the records of the bank are silent as to the pledge, by establishing the fact that he is such pledgee, is not subject to the statutory liability. (*Tierney* v. *Ledden,* 143 Iowa, 286, 121 N. W. 1050, 21 Ann. Cas. 105; *Colonial Trust Co.* v. *McMillan,* 188 Mo. 547, 87 S. W. 933, 107 Am. St. Rep. 335; *Chapman* v. *Marsico,* (Tex. Civ. App.) 270 S. W. 1113; *Duke* v. *Madill,* 131 Wash. 493, 230 Pac. 631; *Johnstone* v. *Black,* 59 Wash. 144, 109 Pac. 367.)

Our statutory provision with reference to the exempting of pledgees from the statutory liability is sweeping in its terms, and there is nothing in the context indicating that it was intended that the exemption be limited to cases where such entries in the books of the bank have been made. If the legislature had so intended to limit the exemption, it could have done so by the use of apt language. It is our duty to construe the statute in accordance with the manifest purpose of the lawmakers, which is that pledgees are exempt from the statutory liability.

The cases to the contrary all proceed upon the theory of estoppel. They say that the creditors and depositors of a bank, being by statute accorded access to the bank's record of its

stockholders, have a right to rely upon the entries appearing on these records, and persons who permit their names to so appear will not be heard to deny the statements therein contained. The reasoning of the courts adhering to that view is most aptly characterized by the decision in *Re Noyes Brothers,* (D. C.) 136 Fed. 977, 979, wherein it is said: "By somewhat artificial reasoning, the books of the corporation have been deemed to be a representation of the ownership of its stock, and if, with his consent, a person is therein described as stockholder, he is deemed to have joined in the representation. By another legal fiction, all creditors of the corporation are presumed to have become so in reliance upon the representations contained in the corporations's books. Hence anyone who appears on the corporate books as stockholder has been held to be estopped, as against any and all creditors, from disputing the individual liability which by statute attaches to the stockholder. A pledgee may be bound by this estoppel as well as any other person. He is not held liable as pledgee, but his status as pledgee does not protect him from that liability which attaches to other persons not stockholders."

Plaintiffs rely upon the decision of *Adams* v. *Clark,* 36 Colo. 65, 85 Pac. 642, 10 Ann. Cas. 774, where the court, under a statute similar to our own, held a pledgee liable for the stockholders' liability. The court there cites a number of cases in support of this conclusion, and although stating that such decisions are construing similar statutes to the one under consideration, the fact is that with one exception all the cases there cited were under statutes which contain no exemption in favor of pledgees. It is noteworthy that all the cases holding to the contrary, cited above, were decided since the Colorado decision.

We are unable to follow the authorities based upon an estoppel, which in turn finds its foundation in a series of legal fictions, as distinguished from the requisite facts held by this court to be essential to the establishment of an estoppel *in pais,* or equitable estoppel, which require the party in whose favor an estoppel is raised to rely upon the conduct of the

party to be estopped. (*Waddell* v. *School District No. 2*, 74 Mont. 91, 238 Pac. 884.)

The legislature, having in the exercise of its supreme will, declared that pledgees without any limitation are free from the statutory liability, we are unwilling by judicial construction to amend this legislative declaration; and should this conclusion lead to any ill effects, such as are pointed out in decisions to the contrary (*Sherwood* v. *Illinois Trust & Savings Bank*, 195 Ill. 112, 62 N. E. 835, 88 Am. St. Rep. 183), relief may be had from the proper source, namely, the legislature.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS concur.

MR. JUSTICE STEWART, being disqualified, takes no part in the foregoing decision.